# South & North Ala. R. R. Co. *v.* Wood.

72 451
143 145

*Action against Railroad Company, as Common Carrier, for Failure to deliver Freight.*

1. *Who is proper party plaintiff.*—When a quantity of corn is delivered to a railroad company for transportation, the consignee having bought it and paid the freight on it, he is the proper party to sue for its non-delivery, and not the consignor from whom he bought it; but the evidence as to these facts being conflicting, the question is properly submitted to the decision of the jury.

2. *Measure of damages for failure to deliver freight.*—In an action against a railroad company as a common carrier, for a failure to deliver goods received for transportation, the measure of damages is the value of the goods at the place of destination.

3. *Same; proof of value of goods.*—In an action against a railroad company as a common carrier, to recover damages for its failure to deliver a quantity of corn, received by it for transportation from one intermediate station to another, about eighty miles apart, the value of the corn at the place of delivery to the railroad, at the time of its delivery, is relevant and competent evidence on the question of its value at the point of destination. (STONE, J., dissenting.)

4. *Impeaching witness by proof of former testimony.*—The statements contained in a bill of exceptions, reserved on a former trial, are not competent evidence to contradict the testimony of a witness on a subsequent trial.

APPEAL from the Circuit Court of Blount.

Tried before the Hon. LEROY F. BOX.

This action was brought by Edmund A. Wood, against the appellant, a domestic, corporation, to recover damages for its failure to deliver a certain quantity of corn, delivered to the defendant, as a common carrier, at Bangor, a station on its road near Blountsville, to be delivered to L. K. Moss, at Jemison, another station about eighty miles distant. The action was

commenced before a justice, on July 12th, 1876; and was removed into the Circuit Court by appeal, at the instance of the defendant.    The case has been before this court on two former appeals, and may be found reported in 66 Ala. 167, and 71 Ala. 215.    On the last trial, as shown by the bill of exceptions in the present record, numerous exceptions were reserved by the defendant, on which assignments of error are founded, eighteen in number; but the points decided by this court render it unnecessary to state the facts in detail.

SAMUEL F. RICE, and J. W. INZER, for appellant.

HAMILL & DICKINSON, contra.

STONE, J.—The present is an action against the railroad company, for an alleged failure to safely transport and deliver corn, placed in car at one of defendant's depots, and consigned, not to a regular depot, but to a siding which was not a depot, and at which the railroad company kept no agent; the distance to be transported being about eighty miles.    The contract was, that the railroad would transport a car-load of corn in the shuck; and to this end, the company placed one of its cars at the depot of shipment, to receive the corn.    When the loading was completed, the car was locked by the railroad's agent; and after it was placed on the siding at the destination, it was unlocked by one of the railroad's employes, at the request of the consignee. It is alleged that about one-fourth of the corn was lost in the transit.    The complaint consists of a single count for the non-delivery of the corn.    This case has been twice before in this court (66 Ala. 167; 71 Ala. 215); but the points decided on those appeals are not directly presented in this.

One question raised by the defense in this case is, that Wood, the plaintiff, was not the owner of the corn when the action was brought, but that Moss was, and should have been the plaintiff.    The testimony on this question is not very clear, and appears to be somewhat confused.    The bill of exceptions states that it contains all the evidence.    One part of the testimony is emphatic, that Wood sold to Moss three hundred bushels of corn, to be delivered at Bangor in Blount county; and some of the witnesses testify that quantity was delivered in car at Bangor.    Moss testifies he paid the freight on the car-load of corn, and had it consigned to him at Smith's mill siding.    If this be the true and full version of the transaction, then the corn became the property of Moss, when it was delivered in car at Bangor; and if this be so, and if there are no qualifying facts in the transaction, then Moss alone could sue for the failure to deliver; for the corn was his, and the contract of affreightment

was with him. But there is testimony not easily reconcilable with this. Wood, the plaintiff, testified that the corn, for which this action was brought, was his property, at and before the commencement of this suit; and Moss testified that he had no interest in the suit, nor in the corn sued for. This seeming discrepancy, if unexplained, is a question for the jury.—Benjamin on Sales, § 679; *Shealy* v. *Edwards*, at this term.

As we have said, the complaint in this case contains but a single count, alleging a breach of the railroad's contract to deliver the corn. There is no averment that the corn was not delivered in a reasonable time. When there is a contract to transport and deliver, the law implies that it shall be done in a reasonable time. What is a reasonable time, depends on the distance; and the nature and habits of the service. If there is a delivery, but not within a reasonable time, then the measure of damages is the injury resulting proximately from the delay; nothing more. There are no pleadings in this case, which raise the question of delay in delivery ; nor, if there were, could such delay change the burden of proof as to when or where the corn was lost, if there was a loss. On the plaintiff would still rest the burden of making some proof that the corn, for the alleged loss of which this action was brought, was in the car when the same was turned over to the railroad's agent, and was not there when the car was placed on the siding at Smith's mill.—*S. & N. Railroad Co. v. Wood*, 71 Ala. 215.

The undisputed testimony is, that the corn was to be delivered by the railroad at Jemison, or Smith's mill, eighty miles from Bangor station, from which it was shipped. The rule can not be disputed, that, if there was a failure to deliver, the injury is the value of the corn at the place of destination. There it was wanted—there it was contracted to be delivered. In an action on a contract for the delivery of personal property at a particular time and place, the measure of damages is the value of such property at the time and place appointed for delivery, with interest for delay.—1 Brick. Dig. 524, § 27 ; 2 Greenl. Ev. § 261. The defendant offered to prove, on the question of damages, the value of the corn at Bangor, the place of shipment. This testimony was disallowed, and, I think, rightfully. My reasons are, first, that from the very nature of the commodity, corn must be of variable value, in places not far removed from each other; second, value at one place can furnish no reliable criterion for fixing value at another; and, third, it tends to confuse an ordinary mind, and to multiply the issues, by laying before the jury remote and indeterminate facts, and requiring a complex system of reasoning, at war with the simple rules of evidence. One of the fundamental laws of evidence is, that facts which shed some light on the matter in dispute

SUPREME COURT [Dec. Term,

can alone be given in evidence. You can not prove independent, disconnected facts, as a basis for instituting comparisons, or commenting on analogies.—1 Best Ev. §§ 87, 90 ; 1 Greenl. Ev. § 52; *Tanner v. L. & N. R. R. Co.*, 60 Ala. 621.

My brothers, however, differ with me, and hold that this testimony ought to have been admitted, as shedding some light on the question. They rely on *Foster v. Rodgers*, 27 Ala. 602 ; and *Ward v. Reynolds*, 32 Ala. 384, in support of their views. The first of those cases cites no authority in support of it, and the last cites only the first. The first arose on the value, and comparative value of certain grades of cotton. The cotton was sold by sample, in Alabama; and testimony was received of the comparative value in New Orleans, to which place it had been shipped. This court, in declaring the evidence admissible, stated, among other things, that the evidence showed " that the relative value of the two cottons was the same in Montgomery and at New Orleans." The value of cotton, all over the country, is regulated by the price at New York, or Liverpool ; and, making allowance for transportation and its incidents, the price of any given grade at one place, is substantially the price at all others.

In *Ward v. Reynolds*, the question arose on the value of a slave, at that time a species of property, and probably of uniform value throughout the State. I doubt the soundness of both decisions; and even if sound, I think the principle should not be extended to such a commodity as corn, or any other article of commerce of such varying and fluctuating value.

The bill of exceptions taken on the former trial, offered as evidence to contradict what some of the witnesses testified to on the last trial, was rightfully rejected. It was not a document or writing made by the witness, nor submitted to him for correction. It was not evidence for such a purpose, even if a proper predicate had been laid.—2 Brick. Dig. 548, §§ 117, 118.

Paragraph numbered 2 of the charge given by the court of its own motion, is not reconcilable with the views expressed above; and charges numbered 2, 3, 7, 10, 11, 14, asked by defendant, should each have been given. Charges numbered 1, 4, 8, 12, 13, are, some of them, involved, and others argumentative, and should not have been given. Charges 5 and 6 were rightly refused.

Reversed and remanded.