# Echols *v.* Louisville & Nashville Railroad Co.

*Action against Common Carrier, for Lost Goods.*

1. *Measure of damages.*—In an action against a common carrier, for the failure to deliver goods received for transportation, the measure of damages is the value of the goods at the point of destination, with interest, less freight charges; but, when it appears that the goods were in fact lost at the point of shipment, or place at which they were received, whether the true measure of damages is not the value at that place, *quære?*

2. *Proof of value.*—In an action against a railroad company, as a common carrier, for the loss of a bale of cotton, which was received at Hartselle, Morgan county, Alabama, to be transported to Memphis, Tennessee, evidence of its value at Hartselle is relevant and admissible, as tending to show its value at Memphis.

APPEAL from the City Court of Decatur.

Tried before the Hon. MORRIS A. TYNG, as special judge.

[Echols v. Louisville &·Nashville R. R. Co.]

WERT & SPEAKE, for appellants, cited *Lakeman v. Grinnell,* 2 Bosw. (N. Y.) 626 ; Field on Damages, § 376.

BRICKELL, HARRIS & EYSTER, *contra.*

McCLELLAN, J.—The trial below was had before a special judge, without jury, and this appeal brings under review his findings of fact, and the judgment rendered thereon.—Acts 1888–9, p. 321. The action was against a common carrier, for an alleged failure to deliver to consignees, in Memphis, Tennessee, a certain bale of cotton delivered to it for carriage at Hartselle, Alabama. The evidence showed that the cotton was the property of the plaintiff, and that, though received by the railway company for carriage to Memphis, it was never in fact shipped, but was lost from defendant's shipping platform at Hartselle. The value of the cotton at Hartselle was fully proved, but there was no direct evidence of its value at Memphis. On this ground—because of the failure to adduce any direct evidence of value at the point of destination—the court found for the defendant, and entered up judgment accordingly. This was clearly erroneous. It is unquestionably true, that the measure of damages, in an action against a common carrier, for failing to deliver goods which it has undertaken to transport, is the value of the goods at the point of destination, with interest from the time they should have been delivered, less freight charges.—*L. & N. R. R. Co. v. Gilmer,* 89 Ala. 534. But it is equally well settled, that the evidence of value at the point of shipment is relevant to the inquiry as to value at the point of delivery.—*Foster v. Rodgers,* 27 Ala. 602 ; *Ward v. Reynolds,* 32 Ala. 384 ; *S. & N. Ala. R. R. Co. v. Wood,* 72 Ala. 451. And, in the absence of other evidence, the defendant carrier can not complain of the proof of value thus confined to place of shipment, as the presumption is that the value there—especially of such an article of commerce as cotton—is less than at the point of destination.—*Rome R. R, Co. v. Sloan,* 39 Ga. 636 ; *L. & N. R. R. v. Mason,* 11 Lea (Tenn.), 116.

Whether, under the facts of this case, the true measure of damages, in any event, would not be the value at point of shipment, as the property was there lost, *quœre.*—See *Lakeman v. Grinnell,* 5 Bosworth, 625.

The judgment of the City Court is reversed, and the cause remanded.