## ALSPAUGH v. IONIA CIRCUIT JUDGE.

EJECTMENT—NONSUIT—VACATION OF JUDGMENT—DISCRETION OF
COURT.

A judgment of nonsuit in ejectment having been entered by
consent against plaintiff, without costs, except the clerk's
fees, but without the knowledge of two of the defendants,
they afterwards appeared, and, on an affidavit alleging their
ignorance thereof and want of consent, moved that the judg-
ment be modified so as to give costs to them, and that an
order be made for the retaxation thereof. The court denied
the motion, and on its own motion vacated the judgment.
*Held*, that it acted within its proper discretion.

*Mandamus* by James H. Alspaugh and wife to com-
pel Frank D. M. Davis, circuit judge of Ionia county,
to vacate an order setting aside a judgment of nonsuit,
and to retax the costs in the suit. Submitted January 8,
1901. Writ denied February 27, 1901.

*Lemuel & William K. Clute*, for relators.

*John J. McKenna*, for respondent.

HOOKER, J. On July 14, 1897, Alspaugh and wife
were in possession of premises purchased by them from
Badger, who held their mortgage upon the premises. An
action of ejectment was commenced against them to re-
cover these premises by the city of Ionia. Alspaugh and
wife appeared and filed a plea of the general issue, accom-
panied by a notice of a claim for improvements. Badger
asked and obtained leave to appear and defend, claiming
to be an interested party, and filed a plea of the general
issue. Subsequently Badger's death was suggested, and
his administrator appeared. On April 4, 1900, plaintiff's
attorney and Badger's attorney appeared in open court
and consented to the entry of a judgment of nonsuit.
Alspaugh and wife were ignorant of the intention to do

this, and were not present. The judgment entry states that "the parties to said cause, by their respective attorneys, came into court and consented and agreed that the defendants are not guilty," etc., and "that judgment should be rendered in accordance therewith against said plaintiff, without costs, except the taxable fees of the clerk of this court," and it was so adjudged.

Counsel for the Alspaughs served a notice of taxation of costs upon counsel for the plaintiff in May, 1900, but the clerk refused to tax the same under the judgment. A motion was then made, and brought to hearing on June 2, 1900, asking that the judgment entry be amended so as to show that the plaintiff and the administrator of Badger alone appeared and consented to the judgment of nonsuit, and that the words "without costs," etc., should be so modified as to give costs to said Alspaughs, and that an order be made for the retaxation of their costs at the sum of $55.50. This motion was based on an affidavit alleging that said judgment was entered without the knowledge or consent of the Alspaughs or their counsel. Counsel for the respective parties were heard, and the court denied said motion, and then and there, upon its own motion, and without a request from counsel for any party, set aside and vacated the judgment of nonsuit. This order was dated on the 2d day of August, 1900. An application was then made to this court upon behalf of the Alspaughs for a *mandamus* to compel the respondent to set aside and vacate his order last mentioned, and to grant the order prayed for in said motion.

We are of the opinion that the action of the circuit court was within a proper discretion. *Fort Wayne, etc., R. Co.* v. *Wayne Circuit Judge*, 110 Mich. 173 (68 N. W. 115). The order is affirmed, with costs.

The other Justices concurred.