# Central of Georgia Railway Company v. Turner.

*Action of Detinue against Railroad Company.*

1. *Action of detinue against railroad company; admissibility of evidence as to reasonable storage charges.*—Where an action of detinue is brought against a railroad company for the recovery of property which had been transported by the defendant, and which the defendant refused to deliver unless the plaintiff would pay, in addition to the freight due thereon, a certain designated sum due to defendant as storage charges for keeping said property in its depot warehouse, it is permissible and competent to ask a witness what would be reasonable storage charges for storing the property in question for the length of time it is shown to have been kept by the defendant, or to ask a witness what would be reasonable storage charges for storing such property in a warehouse at the town where it was kept.

2. *Pleading and practice; when the judgment of the court not subject to review.*—Where, by the agreement of the parties to a suit, the cause is tried by the court without the intervention of a jury, but neither of the parties requested a special finding of the facts by the judge, and there is no special finding made, the judgment of the court is not subject to review.

[Central of Georgia Railway Co. v. Turner.]

APPEAL from the Circuit Court of Tallapoosa County. Tried before the Hon. N. D. DENSON.

This was an action of detinue brought by the appellee, J. F. Turner, against the Central of Georgia Railway Company, to recover one hundred bushels of corn.

The facts of the case are sufficiently stated in the opinion.

By agreement of the parties, the cause was tried by the court without the intervention of a jury, and, upon hearing all the evidence, the court rendered a verdict in favor of the plaintiff. From this judgment the defendant appeals and assigns as error the rulings of the court upon the evidence, and the rendition of the judgment in favor of the plaintiff.

GEORGE P. HARRISON, cited.—*Clark v. Zeigler*, 85 Ala. 154; American & Eng. Ency. of Law, (2nd Ed.) p. 475; *Dixon v. Central of Georgia Ry. Co.*, 110 Ga. 173; *Miller v. Georgia R. R. Co.*, 88 Ga. 562; *Gashweiler v. R. R. Co.*, 83 Mo. 112; *Gregg v. I. C. R. R. Co.*, 147 Ill. 550; *Miller v. Mansfield*, 112 Mass. 260; Hutchinson on Carriers, Section 378; 28th Am. and Eng. Ency. of Law, p. 363 and authorities cited under note 4; *Alden v. Carver*, 131 Iowa 253; *Barker v. Brown*, 138 Mass. 340; Story on Bailments, (9th ed.) Sec. 453; *Kentucky Wagon Co. v. R. R. Co.*, 17 Southwestern Rep., page 595.

JAS. W. STROTHER, *contra*, cited.—*Jones v. Cincinnati, Selma & Mobile Railroad Co.*, 89 Ala. 376; *Kansas City, Memphis & Birmingham Railroad Co. v. Higdon*, 94 Ala. 286; *Huffman's case*, 76 Ala. 492.

SIMPSON, J.—This was an action of detinue, by appellee (plaintiff) against appellant (defendant), for the recovery of one hundred bushels of corn, which had been transported by defendant to Dadeville, Alabama, and which defendant refused to deliver, unless the plaintiff would pay, in addition to the freight due thereon, the sum of fourteen and 05-100 dollars, claimed to be due for storage or demurrage charges for twenty-six days.

The plaintiff offered to pay five dollars for storage charges.

It appears, from the testimony in the bill of exceptions, that the corn was taken from the car, immediately upon arrival at Dadeville, and placed in the depot of defendant, so that whatever compensation defendant was entitled to was not demurrage, but warehouse charges.

The first and second assignments of error were to the ruling of the court in permitting the question to the witness Rowe, "What would be reasonable storage charges for storing one hundred bushels of corn in fifty sacks for twenty-six days in last September and October here in Dadeville?" And the following question to the witness Newell, to wit; "What would be a reasonable storage charge for storing one hundred bushels of corn in sacks in the warehouse in Dadeville?"

The defendant's exception to these questions is that it was not proper to judge what the charges would be in a warehouse, but they should have been as to what would be a reasonable charge for storing in a railroad depot. It is claimed that as a railroad is not in the warehouse business, and needs its depot for other purposes, it should be allowed more for doing this enforced warehouse business, and, unless the witness could testify what were the customary charges for storing in depots, he should not be allowed to testify at all.

It may be remarked that, as to the first question, no place is mentioned and the question might as well have referred to a depot as to a warehouse; but on the second question the point is fairly raised, and, even supposing that a railroad company may be entitled to a larger storage than an ordinary warehouse company, it does not follow that the testimony was illegal.

It is often the case that, when exact testimony cannot be obtained as to the value of a particular service, under peculiar circumstances, evidence may be received as to the value of such service generally, and then adduce testimony as to the peculiar circumstances or conditions and let the jury, or the court, determine the proper amount in the particular case.

Thus, when the question was the real value of a slave,

[Jackson v. the State *ex rel.* Tillman.]

a witness was permitted to state what he would have brought in the market, and the court saying that, if there were particular circumstances which gave him a particular value more than the ordinary market value, it was "In the power of a party to protect himself by cross-examination."—*Ward v. Reynolds*, 32 Ala. 384.

So, in an action for damages for breach of warranty of title, testimony was allowed as to the value of trees cut, "Because this would largely govern the extent of diminution in value of the land, although the value of the trees cut would not necessarily be the same as the diminished value of the land."—*Clarke v. Zeigler*, 79 Ala. 346. See also *Echols v. Railroad Company*, 90 Ala. 366; *Railroad v. Wood*, 72 Ala. 451; *Foster v. Rogers*, 27 Ala. 602; *Ladd v. Ladd*, 121 Ala. 583.

There was no error in the admission of this evidence, even if it be admitted that a railroad company storing goods in its depot, after transportation, is entitled to charge more storage than is customary with other warehousemen. On this point the authorities on the subject of detention of cars have no application, as that is demurrage, the *gist* of which is not the storing of goods, but the detention of the cars and depriving the railroad company of the use of them in its business.

In this case no special finding of facts by the judge was requested or made, consequently the judgment of the court is not subject to review.—*Bell v. State*, 75 Ala. 25; *Brock v. L. & N. R. R. Co.*, 114 Ala. 431; *Chandler v. Jones*, 126 Ala. 176.

The judgment of the court is affirmed.

McClellan, C. J., Tyson and Anderson, J.J., concurring.