MARGARET FITZGERALD v. JULIA MAHER.

MARGARET FITZGERALD v. ANNIE FITZGERALD and
Others.[1]

May 21, 1915.

Nos. 19,345—(141).

**Vacating judgment entered pursuant to stipulation of attorneys.**

An order of the trial court denying a motion to vacate a judgment,
upon the ground that the same was rendered upon an unauthorized stipula-
tion of her attorney, and without her knowledge or consent, *held* not clearly
against the evidence, as contained in conflicting affidavits submitted on the
motion, nor an abuse of discretion.

Two actions in the district court for Dakota county by the adminis-
tratrix of the estate of James H. Fitzgerald, deceased, one against the
administratrix of the estate of Thomas Fitzgerald to recover $825,
and the other against Annie Fitzgerald and others to cancel certain
deeds. At the trial before Johnson, J., it was stipulated in open
court that judgment in each action might be entered in favor of de-
fendant upon payment to plaintiff of $500. Plaintiff obtained an
order requiring defendants to show cause why the stipulations, find-
ings and judgments should not be set aside and vacated. From orders
denying the application, plaintiff appealed. Affirmed.

*Thomas C. Daggett,* for appellant.
*Kueffner & Marks,* for respondent.

BROWN, C. J.
Plaintiff, in her capacity as administratrix of the estate of her
deceased husband, brought two separate actions in the district court

[1] Reported in 152 N. W. 772.

Note.—As to the right to open or set aside judgment entered by consent of an
attorney, see note in 46 L.R.A.(N.S.) 753.

of Dakota county, to recover what she claimed was due the deceased husband from the estate of his father, whose death preceded the death of ι laintiff's husband.  The first action related to a money demand against the administratrix of the estate of the senior Fitzgerald, and by the second it was sought to have cancelled and set aside certain deeds covering the interest of her husband in lands belonging to the estate of his deceased father.  Issue was joined in each action, and by mutual agreement of all parties both were settled.  The terms of the settlement were that defendant should pay to plaintiff the sum of $500 in money, in full for all claims or demands which plaintiff might have as administratrix, in her own right, or as guardian, in or to the estate of the deceased senior Fitzgerald.  This stipulation of settlement was presented in open court, and the court thereon based its findings and conclusions of law awarding judgment to defendant in this action, which involved the cancelation of the deeds to the real property.  Judgment was so entered on February 28, 1914.  The money agreed to be paid in consideration of the settlement was subsequently paid to plaintiff's attorney, though not within the time fixed by the agreement, who on June 18, 1914, remitted the same to plaintiff in the form of a cashier's check, which she received and still retains.  After receiving the draft she consulted her present attorney who, after investigation into the merits of the matter, came to the conclusion that the settlement was grossly unfair and inadequate, and he advised that an effort be made to have the settlement and judgment vacated and the action reinstated on the calendar for trial. Thereafter in November, 1914, a motion to be relieved from the judgment was made, which was denied by the court on December 14, 1914. Plaintiff appealed.

The notice of motion does not state the ground upon which relief from the stipulation and judgment was sought, though the affidavits presented in support of the motion state that the actions were brought by her attorney wholly without authority; that she did not know that they had been commenced; that the settlement of the controversy was made without authority, and without her knowledge or consent; and that she first learned of the commencement of the actions when the attorney sent her the cashier's check for $500.  The attorney who

acted for plaintiff and who commenced the actions, a reputable member of the bar, and whose employment plaintiff concedes, made affidavit to the effect that he was employed by plaintiff to commence the actions, that they were brought pursuant to her request, and that she was present at the time the settlement was reached, and expressly authorized and consented to the same. The settlement took place in open court and there is no controversy about the presence of plaintiff at the time, but she denied that there was anything more than an informal discussion of the matter, and she further denied consenting to the settlement. Both plaintiff and her former attorney were to some extent corroborated.

The affidavits, coupled with the record in the case, presented to the trial court questions of fact which, by the order denying the motion, were determined against plaintiff. The affidavits were conflicting, and the finding of the trial court that plaintiff not only authorized the commencement of the actions but also authorized and consented to the settlement, cannot be disturbed by this court. The rule by which this court is guided in such cases is well settled. 1 Dunnell, Minn. Dig. § 410. The trial court found the facts against plaintiff, the findings are not clearly against the evidence, as embodied in the affidavits, and we have no alternative but to affirm the order.

The same conclusion follows if the motion be treated as one calling for the exercise of the court's discretion. In view of the facts, as presented and found by the court, we discover no sufficient reason for characterizing the order as an abuse of discretion.

Order affirmed.

Schaller, J., took no part.