(99 South. 836)

### Ex parte EWART–BREWER MOTOR CO. et al.    (6 Div. 127.)

(Supreme Court of Alabama.    April 24, 1924.)

**1. Certiorari ⬅⬆33(2)—Petitioners not parties to record without right to certiorari.**

Where judgment defendants were not parties to record in petition for mandamus to judge to compel annulment of order setting aside final judgment, they were without right to review by certiorari.

**2. Certiorari ⬅⬆42(9)—Original petition being abortive, application to amend held too late.**

Where original petition for certiorari to review mandamus order directing judge to annul order setting aside judgment did not make trial judge a party, it was abortive, and under rule 42 as amended petitioner's motion to make trial judge a party thereto, more than 15 days after action of court of appeals on application for rehearing, was too late.

Certiorari to Court of Appeals.

Petition of Ewart-Brewer Motor Company and others for certiorari to the Court of Appeals to review and revise the judgment and decision of that court in the case of Ex parte E. N. Cunningham, 19 Ala. App. 584, 99 South. 834. Petition dismissed.

Harsh, Harsh & Harsh, of Birmingham, for petitioners.

---

⬅⬆For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Counsel argue the merits of the petition, but in view of the decision it is not necessary here to set out the brief.

George Frey and W. B. Harrison, both of Birmingham, opposed.

Only parties to a mandamus proceeding can review the same. Smith v. Atlanta Guano Co., 132 Ala. 586, 31 South. 490; Winkler Brokerage Co. v. Courson, 160 Ala. 374, 49 South. 341; Wilson v. Duncan, 114 Ala. 659, 21 South. 1017. When two persons seek relief from a judgment, and only one of them is entitled to such relief, the misjoinder is fatal. Mohon v. Tatum, 69 Ala. 466; Hardeman v. Sims, 3 Ala. 747; McLeod v. McLeod, 73 Ala. 42; Oates v. Beckworth, 112 Ala. 356, 20 South. 399.

PER CURIAM. [1] This is a petition for writ of certiorari, filed by Ewart-Brewer Motor Company, W. E. Ewart, and W. P. Brewer, for a review of the decision of the Court of Appeals in the case of Ex parte E. N. Cunningham, 99 South. 834,[1] an original petition in said court for the issuance of a writ of mandamus to be directed to Hon. John Denson as circuit judge. Motion is here made by E. N. Cunningham to dismiss this petition upon the ground, among others, that these petitioners were not parties to the record in the cause here sought to be reviewed, and therefore are without right to file said petition. We are of the opinion the motion is well founded.

The case of Wilson v. Duncan, 114 Ala. 659, 21 South. 1017, involved a review by appeal, but by analogy the principle therein recognized finds application here. The Wilson Case involved a contest of election for the office of tax collector, and arising from this litigation was a mandamus proceeding by the contestee against the trial judge. Upon the hearing the rule nisi against the judge was made final. The contestee, and not the judge, sought to review the decision, and it was held that the contestee, not being a party to the proceeding, could not maintain the appeal, and the motion to dismiss was sustained. Applying like reasoning here, these petitioners not being parties to the record are not in position to file this petition in their names.

[2] Subsequent to the filing of the motion to dismiss the petition, that is, on March 12, 1924, petitioner filed in this court a motion that the petition be amended so as to make Hon. John Denson as judge a party thereto. As previously shown, Judge Denson was not a party to this petition, and the original petition was therefore abortive. Under rule 42 as amended (198 Ala. xiv), applications of this character must be filed within 15 days after action of the Court of Appeals upon application for rehearing. The date of the filing of the motion was after the expiration of 15 days from such action, and to apply the provisions of the rule the application comes too late. Ex parte Mobile Lt. & R. Co., 200 Ala. 192, 75 South. 940; Campbell v. State, 202 Ala. 16, 79 South. 354; Sorsby v. Wilkerson, 206 Ala. 190, 89 South. 657; Atlantic Coast Line R. Co. v. Burkett, 207 Ala. 344, 92 South. 456.

The motion to dismiss the petition must prevail.

Petition dismissed.

ANDERSON, C. J., and SAYRE, GARDNER, and MILLER, JJ., concur.

