(101 So. 807)

## LOUISVILLE & N. R. CO. v. BRIDGEFORTH. (6 Div. 313.)

(Court of Appeals of Alabama. Oct. 28, 1924.)

1. Judgment ⬦340—Power to set aside judgments inherent in courts of general jurisdiction.

Power to set aside judgments is commonlaw power inherent in courts of general jurisdiction.

2. Judgment ⬦343 — Trial court should set aside judgment for injustice, improvidence, or where procured by fraud.

Trial court should set aside judgment, when satisfied that injustice has been done or judgment improvidently rendered, or where it was procured by fraud or collusion.

3. Judgment ⬦90—Judgment by consent set aside for want of authority of attorney or for mistake or collusion.

Judgment by consent may be set aside where entered by consent of unauthorized attorney, or for collusion or for mistake of party or his counsel, or where right of infant is not adequately protected thereby.

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Judgment ☞90—Power to set aside judgments extends to consent judgment.**

Power of courts to set aside judgments extends to judgments rendered by consent.

**5. Judgment ☞90—Evidence held to support setting aside of judgment by consent.**

Where administratrix, on day following issuance of letters, settled claim with railroad company at $500 for death of deceased, whereupon judgment was entered by consent, and thereafter administratrix resigned in favor of relative who was appointed administratrix de bonis non, evidence *held* to support judgment entered on motion of latter setting aside judgment by consent.

**6. Appeal and error ☞125—Appeal lies from judgment on motion to set aside judgment by consent.**

An appeal lies from judgment entered on motion to set aside judgment by consent under Code 1907, § 2846, which provides for appeal from decision on motion for new trial.

Appeal from Circuit Court, Jefferson County; Dan A. Greene, Judge.

Motion by Alice Bridgeforth, as administratrix de bonis non of the estate of Arthur Woods, deceased, to set aside a consent judgment entered against the Louisville & Nashville Railroad Company in favor of Helen Lykes, as administratrix, and for a new trial. From a judgment granting the motion. defendant appeals. Affirmed.

Tillman, Bradley & Baldwin and T. A. McFarland, all of Birmingham, for appellant.

A settlement by an administrator regularly appointed with a person not in collusion in the appointment is valid and binding on the estate. Bozeman v. May, 132 Ala. 233, 31 So. 491; Carr v. I. C., 180 Ala. 159, 60 So. 277, 43 L. R. A. (N. S.) 634. A person having the right to appointment as administratrix waives such right, if application is not made within 40 days. Code 1907, § 2522; Ala. Co. v. Brown, 207 Ala. 18, 92 So. 492; Childs v. Davis, 172 Ala. 266, 55 So. 540. Letters to the administratrix are ,conclusive in this case. Code 1907, § 2530; Carr v. I. C., supra; Kling v. Connell, 105 Ala. 590, 17 So. 121, 53 Am. St. Rep. 144.

Beddow & Oberdorfer, of Birmingham, for appellee.

The order setting aside the judgment is not appealable. Wilkins v. Windham, 197 Ala. 510, 73 So. 29. The trial court had power over its judgment during the term and discretion to set it aside. Rich v. Thornton, 69 Ala. 473; Talladega Mer. Co. v. McDonald, 97 Ala. 511, 12 So. 98; 15 R. C. L. 688; Ex parte Parker, 172 Ala. 136, 54 So. 572; Allen v. Lathrop-Hatton L. Co., 90 Ala. 490, 8 So. 129. The trial court cannot be put in error for exercising a sound discretion. Robinson v. Newton Gro. Co., 200 Ala. 528, 76 So. 854; Sparks v. Reeves, 165 Ala. 352, 51 So. 574; Prudential Co. v. Kerr, 202 Ala. 259, 80 So. 97; Liverpool, etc., Co. v. Loeb, 208 Ala. 12, 93 So. 765.

FOSTER, J. On January 21, 1923, Arthur Woods was killed in Jefferson county. He left surviving him a half-sister, Alice Bridgeforth, living at Decatur. Mr. Beck, the claim agent for the appellant, went to see Alice Bridgeforth at Decatur with reference to a settlement of the claim for the wrongful death of Arthur Woods. Alice was at the time sick and told the claim agent that she had employed Mr. Lynne, an attorney at Decatur, to look after the matter for her. The claim agent saw Mr. Lynne, who stated that he would look into the matter and let him hear. Mr. Lynne associated with him Messrs. Beddow & Oberdorfer, attorneys at Birmingham. On March 3, 1923, Alice was in Birmingham and told Mr. Beddow there was a death in her family, and he told her not to stop to take out letters of administration on the estate of Arthur Woods, deceased, but to go and bury her dead and come back later. On March 5, 1923, Miss Helen Lykes, a stenographer in the office of Mr. Fite, was appointed administratrix. On March 7th Alice went to the office of Messrs. Beddow & Oberdorfer and signed an application for appointment as administratrix. Mr. Beddow carried the papers to the office of the judge of probate and found that on March 5th letters of administration had issued to Miss Lykes. On March 5th Mr. Fite called Mr. Beck, claim agent of appellant, over telephone, and they had a conference looking to the settlement of this claim. On March 6th suit was filed by Miss Lykes as administratrix against appellant and summons served on Beck, claim agent, and Mr. Beck and Mr. Fite representing Miss Lykes, administratrix (either on March 5th or 6th), agreed upon a settlement of the case, and on March 6th a consent judgment for $500 was entered against the appellant. The amount of the judgment was paid into court and is still in the hands of the clerk. Upon being informed by Mr. Beddow that Alice Bridgeforth was a relative of the deceased and desired to be appointed administratrix, Mr. Fite told Mr. Beddow that he did not know the deceased had any relatives, that Miss Lykes would resign as administratrix, and that he (Mr. Fite) would withdraw from the case. Miss Lykes resigned and Alice Bridgeforth was appointed administratrix de bonis non. On March 23, 1923, Alice Bridgeforth as administratrix filed a motion in the circuit court to set aside the judgment rendered on March 6th. The trial court, after appropriate orders of continuance, entered a judgment granting the motion and setting aside the

judgment rendered on March 6th, and from such judgment on the motion the appeal is taken. The motion to set aside the judgment entered March 6th was made within 30 days after its rendition. Judge Greene, the trial judge, at the time of granting the motion stated, among other things:

"All of the actual facts show that at least the spirit of the law was not observed, if not violated, both in the taking out of letters of administration and the settlement of the estate, and that the agent of the Louisville & Nashville Railroad Company was in possession of such knowledge, such facts as were bound to have put him upon inquiry, and that he made a settlement in the face of those facts within a very few minutes after the notification of the appointment of an administratrix. Certainly undue haste was shown in the settlement of it, if nothing else. Now all the considerations of justice to the parties in interest prompt the exercise of discretion in this case; and in exercising discretion and in granting justice to the plaintiff the Louisville & Nashville Railroad is put in no worse position than it was before the settlement was made, it is in exactly the same position; in other words, the parties are put in statu quo."

[1, 2] The power to set aside a judgment is a common-law power inherent in courts of general jurisdiction, and no higher duty rests upon a trial judge than to set aside a judgment when satisfied that injustice has been done or that it has been inadvertently or improvidently rendered, or that it was procured by fraud or collusion. Rich v. Thornton, 69 Ala. 473; Talladega Mercantile Co. v. McDonald, 97 Ala. 511, 12 So. 34.

[3] A judgment by consent may be set aside "where it was entered by the consent or direction of an unauthorized attorney, or for fraud or collusion, or on account of a mistake or misapprehension of the party or his counsel, or where the rights of an infant are concerned and have not been adequately protected by the judgment." 23 Cyc. 733, par. 2.

[4] The power of courts to set aside judgments extends to judgments rendered upon default, nil dicit, by consent and upon trial and verdict. 23 Cyc. 892, par. 3.

[5] The motion in the instant case was made and called to the attention of the court within 30 days after the rendition of the judgment, and the court by appropriate orders of continuance retained jurisdiction of the cause until the judgment was entered setting aside the judgment rendered on March 6, 1923. Under the evidence presented in support of the motion the court properly set aside the judgment.

[6] The authorities cited by counsel for appellee in support of their contention that the appeal should be dismissed apply to judgments by default and nil dicit, but are not applicable to final judgments by consent or upon trial and verdict. An appeal lies from the judgment entered on the motion. Code 1907, § 2846.

The judgment of the circuit court is affirmed.

Affirmed.