195 So. 446

### WILKES v. HAWKINS, Judge.

#### 6 Div. 629.

Supreme Court of Alabama.
May 16, 1940.

Rehearing Denied June 29, 1940.

86

Horace C. Wilkinson, of Birmingham, for appellant.

H. H. Sullinger and G. H. Bumgardner, both of Bessemer, for appellee.

BROWN, Justice.

This appeal is by the landowner from an order of the circuit court of Jefferson County, Bessemer Division, dismissing his petition for the issuance of the common law writ of certiorari to review and quash the proceeding and judgment of the Probate Court in an ad quod damnum proceeding instituted by the City of Bessemer to acquire by condemnation a right of way over the land of appellant for the construction and maintenance of a power line for the transmission of electricity.

. The only parties to this appeal are Wilkes, the landowner, and Eugene Hawkins, as Judge of Probate of Jefferson County. The litigation provoked by the filing of the petition for the common law writ of certiorari is between the landowner and the City of Bessemer who instituted the condemnation proceedings and procured the judgment of condemnation; the subject matter of the litigation is the record and proceeding of the Probate Court, and the scope of the inquiry goes only to the external validity of the proceeding—the jurisdiction of the Probate Court over the subject matter and the parties. Independent Publishing Company v. American Press Association, 102 Ala. 475, 15 So. 947; Nashville, C. & St. R. Co. v. Town of Boaz et al., 226 Ala. 441, 147 So. 195; St. John et al. v. Richter et al., 167 Ala. 656, 52 So. 465.

Hawkins, as Judge of Probate, was not a party to the condemnation proceeding, had no pecuniary interest therein, and was not a proper party to the certiorari proceeding in the circuit court. St. John et al. v. Richter et al., supra; 10 Am.Jur. 542, § 17.

The City of Bessemer is a necessary party to this appeal, and in its absence the court is without jurisdiction to review the order of the circuit court dismissing the petition for certiorari.

Appeal is dismissed.

THOMAS, FOSTER, and LIVINGSTON, JJ., concur.

On Rehearing.

BROWN, Justice.

The several sporadic cases cited by appellant, dealing with the question of necessary parties in the nisi prius court in a proceeding for the common law writ of

certiorari, are beside the point on which the appeal was dismissed.

Appeals, under the statute, are not ex parte and citation of appeal to the person adversely interested is essential to complete jurisdiction. Williams v. Harper, 95 Ala. 610, 10 So. 327; Ex parte Williams Riddlesperger v. Williams, 226 Ala. 619, 148 So. 323; Code 1923, §§ 6078, 6101; Lecat v. Salle, 1 Port., Ala., 287.

The City of Bessemer was the sole party defendant in the circuit court, so treated by the court and the parties, and answered and made motion to dismiss the petition on the ground that the appellant was estopped to assert that the probate court was without jurisdiction involving a question of fact. The court after hearing the evidence ruled, that inasmuch as an appeal had been taken to that court from the decree of the probate court in ad quod damnum proceedings, and the case was triable de novo on said appeal, the question of jurisdiction and alleged waiver could be presented on the hearing of that case, and in the exercise of the discretion inherent in the court, granted the motion and dismissed the petition.

The probable effect of the appeal was to annul the decree of the probate court and transfer the whole controversy to the circuit court. Cofer v. Reinschmidt, 121 Ala. 252, 25 So. 769. But that question is not presented here because the sole party adversely interested has not been served with process—citation of appeal—as required by the statute, hence the appeal was properly dismissed.

Opinion extended. Application overruled.

All Justices concur.