SHERRILL et al. v. BOARD OF COM'RS OF STEPHENS COUNTY et al.

No. 30718. Oct. 20, 1942.

*130 P. 2d 100.*

R. E. Bowling, of Pauls Valley, for plaintiffs in error.

Fred W. Martin, of Wagoner, for defendant in error Morris Schuman.

HURST, J. This is an appeal from an order refusing to vacate a judgment.

The plaintiffs, Vermelle Sherrill and Carl Mayes Smith, claiming to own an undivided one-half interest in the 55 acres of land involved, filed this action against the defendants, Morris Schuman, A. L. Littleton et al., to quiet title to said land. Schuman filed an answer and cross-petition asserting title under a county commissioners' deed from Stephens county, the county having previously acquired title by a resale tax deed. Littleton and the other defendants either failed to contest the action or disclaimed any interest in the land. When the cause came on for trial, an agreement was entered into between the plaintiffs and Schuman wherein it was agreed that judgment should be rendered in favor of Schuman quieting his title and awarding him possession of the land and that plaintiffs would pay Schuman one-half of the taxes that had been, or should have been, assessed against the land, and that Schuman should execute and deliver to plaintiffs a quitclaim deed conveying to them an undivided one-half interest in the land. Judgment was accordingly rendered and the agreement was fully carried out. At the next term of court the plaintiffs filed the present motion to vacate the judgment, claiming that it was obtained by fraud in that Schuman and Littleton, grantees in the county commissioners' deed, had secured from

Stephens county a refund of the consideration paid for the deed on the representation that the land was non-taxable Indian land, and that for that reason the deed to Schuman and Littleton was without consideration and void. All parties agree here that the land was taxable, and there is no contention that the tax sale proceedings and the proceedings under which Schuman and Littleton acquired title are defective. When the plaintiffs had established the foregoing facts, in support of their motion to vacate the judgment, the trial court sustained a demurrer to the evidence and entered an order denying the motion to vacate. Plaintiffs appeal. The trial court, on motion of Littleton, vacated the default judgment Schuman obtained against him, but that matter is not material here.

We are of the opinion, and hold, that the order appealed from was correctly entered. The plaintiffs, under the quit-claim deed from Schuman, acquired the same undivided interest in the land which they claimed in their original petition. They do not now claim more. We fail to see, as did the trial court, how they have been injured by the judgment which they now seek to vacate. If Schuman and Littleton secured a refund to which they were not entitled, that is a matter that concerns Stephens county, but not the plaintiffs. No abuse of discretion being shown, it is our duty to affirm the judgment appealed from. Parker v. Board of County Commissioners, 187 Okla. 308, 102 P. 2d 880.

Affirmed.

WELCH, C. J., and GIBSON, DAVISON, and ARNOLD, JJ., concur. CORN, V. C. J., and RILEY, OSBORN, and BAYLESS, JJ., absent.