RAINES *et al. v.* LANE.

No. 14924. SEPTEMBER 7, 1944.

*R. D. Smith* and *Robert R. Forrester,* for plaintiffs.

*Leonard Farkas, Walter H. Burt,* and *E. L. Forrester,* for defendant.

JENKINS, Presiding Justice. Some elaboration of the first division of the syllabus would seem proper. Under the pleadings and undisputed testimony, the judgment of the superior court dismissing the petition was demanded. Although the motion in attacking the consent judgment sets forth a criticism of the method of technical procedure taken by the surveyor in reaching the conclusion arrived at by him in determining the disputed boundary, in that he failed to go over into another county to obtain his bearings, it is not alleged that the written agreement contained any provision that such a procedure should be resorted to; nor do the plaintiffs show by their testimony how or wherein such alleged procedure was in fact necessary to a correct determination of the boundary line in dispute. All that the motion shows is that it had been orally understood before the signing of the agreement that such method of procedure was to be followed by the surveyor, but even the existence of such a prior oral understanding was not proved to have been agreed upon as mandatory upon the surveyor in the performance of the duty assigned him.

Although the motion further attacks the consent judgment by alleging that the surveyor had failed to notify the plaintiffs of the time when the line was to be run, here too, it is not alleged that the written agreement provided for any such notice; and it does appear without dispute from the evidence that in point of fact the plaintiffs' counsel was notified at least on the first day of the survey, whose progress consumed three days. Especially was the action of the judge not only authorized but demanded, for the additional reason that the plaintiffs fail to set forth any reason why they did not know or could not have ascertained the grounds of their complaint by proper diligence on their part prior to the time that the consent decree establishing the disputed land line was made the consent judgment of the court; and fail to show the practice of any fraud by the defendant in procuring their

220

consent to the decree as rendered. See Code, § 110-710; *Elliott* v. *Elliott,* 184 *Ga.* 417, 419 (191 S. E. 465); *Hightower* v. *Williams,* 104 *Ga.* 608, 610 (30 S. E. 862); *Gray* v. *Georgia Loan & Trust Co.,* 166 *Ga.* 445, 450 (143 S. E. 501); *Beddingfield* v. *Old National Bank & Trust Co.,* 175 *Ga.* 172, 187 (165 S. E. 61); *Rawleigh Co.* v. *Seagraves,* 178 *Ga.* 459 (173 S. E. 167).

*Judgment affirmed. All the Justices concur.*