147 So.2d 846

**Lloyd GRIGSBY, Jr.**

v.

**Charles W. LILES.**

8 Div. 76.

Supreme Court of Alabama.

Oct. 4, 1962.

68

Potts & Young, Florence, for petitioner.

E. B. Haltom, Jr., Florence, opposed.

COLEMAN, Justice.

This is a review, by certiorari, of the judgment of the Court of Appeals in Grigsby v. Liles, 41 Ala.App. 627, 147 So.2d 836.

In the circuit court, Liles, the plaintiff, brought action for personal injury allegedly sustained while he was a passenger in an automobile driven by defendant, Grigsby. Judgment for plaintiff was rendered by consent. Within 30 days thereafter, plaintiff filed a motion to set aside the consent judgment and the court granted plaintiff's motion.

From the judgment setting aside the consent judgment, defendant appealed to the Court of Appeals. Later, but prior to submission, defendant filed in the Court of Appeals a petition in the alternative for an alternative writ of mandamus or rule nisi directed to the judge of the circuit court requiring him to vacate the judgment setting aside the consent judgment or to show cause why he should not do so. Attached to said petition in the alternative is the certificate of counsel for defendant that he has personally delivered a copy of the petition to the circuit judge.

The Court of Appeals dismissed the appeal but awarded a peremptory writ of mandamus requiring the circuit judge to vacate the order setting aside the consent judgment. Plaintiff applied for certiorari to review the decision of the Court of Appeals and we granted the writ.

Defendant raises the point that the circuit judge, to whom the writ is directed by the Court of Appeals, is the only party who has standing to apply for certiorari to review the Court of Appeals, and that, because the judge did not apply for certiorari, we are without jurisdiction to entertain plaintiff's application for certiorari.

The certificate of appeal discloses that notice of appeal was served on plaintiff's at-

torney "as attorney of record for said appellee." The record filed in the Court of Appeals is styled Grigsby v. Liles, 147 So.2d 836.[2] The record bears certificate of defendant's counsel that a copy of the assignments of error has been served on the "Attorneys of Record for Appellee." The briefs filed by defendant in the Court of Appeals bear certificate that a copy of the brief has been served on "attorneys of record for Appellee." We have not found where the circuit judge has filed a return or any other pleading or writing in the Court of Appeals, or that he has been served with process or notice other than the certificate showing that a copy of defendant's petition in the alternative for mandamus was delivered to the circuit judge by defendant's attorney.

In support of his argument that the circuit judge is a necessary party to plaintiff's application for certiorari, defendant cites Ex parte Ewart-Brewer Motor Co., 211 Ala. 191, 99 So. 836, and Wilkes v. Hawkins, 240 Ala. 85, 195 So. 446.

In the Motor Company case, supra, this court dismissed a petition for certiorari to the Court of Appeals on the ground that "these petitioners (for certiorari) not being parties to the record (in the Court of Appeals) are not in position to file this petition in their names." The petitioners there sought to review the judgment of the Court of Appeals in Ex parte Cunningham, 19 Ala.App. 584, 99 So. 834, wherein the Court of Appeals had awarded mandamus, on application of the plaintiff, to require the circuit judge to vacate an order setting aside a default judgment theretofore rendered in favor of the plaintiff.

Examination of the original records of the Motor Company case, in this court, and Ex parte Cunningham in the Court of Appeals, discloses that Ex parte Cunningham did not commence by appeal as did the instant case. The Cunningham case commenced by petition for alternative writ of mandamus, or other appropriate writ, to be issued to the circuit judge to require him to vacate the order complained of. Endorsement on the record shows that the Court of Appeals ordered the rule nisi to issue as prayed, returnable on a certain day. The record contains the return made by the respondent circuit judge. Nowhere in the record in the Cunningham case do we find where Ewart-Brewer Motor Company was made a party in the Court of Appeals. The petition for certiorari filed in the Supreme Court in the Motor Company case commences as follows:

"Your Petitioners, Ewart-Brewer Motor Company, W. E. Ewart and W. P. Brewer * * *."

In the Motor Company case, this court relied on Wilson v. Duncan, 114 Ala. 659, 21 So. 1017, wherein it was decided that one, not a party to a petition for mandamus filed in the city court against a probate judge, could not appeal the ruling of the city court. The Motor Company case must be regarded as establishing the rule that one, not a party to a proceeding commenced by petition for mandamus in the Court of Appeals, cannot have review of the decision of the Court of Appeals by certiorari in the Supreme Court.

Such, however, is not the instant case. The instant proceeding in the Court of Appeals was not commenced by petition for mandamus. So far as we have found, the record discloses no process issued to the circuit judge and no appearance by him in the Court of Appeals. If the circuit judge be a party to the proceeding in the Court of Appeals, he is made a party only by the writ which will issue as a result of the decision of the Court of Appeals. The only adverse party made by the record on which the decision of the Court of Appeals is based is the plaintiff.

The practice of asking for alternative relief by mandamus when appeal is taken, but does not lie, is of long standing in this court. This court has said:

2. 41 Ala.App. 627.

"* * * The practice of applying by motion, entered here on the motion docket, of which notice is given to the parties in adverse interest, has prevailed too long now to be departed from, however informal it may seem. Ex parte Garland (Opinion of Walker, C. J.) 42 Ala. 559." Ex parte Tower Manufacturing Co., et al., 103 Ala. 415, 417, 15 So. 836;

:and also:

"While this case was brought here by appeal, and there has been no formal petition for *mandamus*, stating the facts upon which relief is asked, we have an authentic transcript of the record of the proceedings, and the respondent spread a motion on the docket, before the case was submitted, asking for a *mandamus*, which is sufficient to authorize us to entertain a motion for same. Ex parte Tower Mfg. Co., 103 Ala. 415 [15 So. 647]." Brady v. Brady, 144 Ala. 414, 419, 420, 39 So. 237.

◾ In as much as plaintiff, in the case at bar, is a party to the record filed in the Court of Appeals, on which record the decision here complained of is based, we are of opinion that plaintiff does have standing to apply for certiorari to review that decision. Defendant's insistence to the contrary is not well taken. Wilkes v. Hawkins, supra, does not hold to the contrary.

As stated above, in the instant case, the Court of Appeals, on the application for mandamus, reviewed an order wherein the circuit court vacated its own judgment which had been entered by agreement of the parties, and granted a new trial on plaintiff's motion therefor. The Court of Appeals concluded that the circuit court had erred in vacating the judgment.

The Court of Appeals held that a consent judgment can be set aside only on the following grounds, to wit, fraud, mutual mistake, or lack of consent. The Court of Ap-

peals further held that the plaintiff's motion to vacate the consent judgment, although made within thirty days, was not governed by the law applicable to motions made within thirty days after judgment.

◾ We understand the Court of Appeals to hold that the trial court is not permitted to exercise a sound discretion in setting aside a consent judgment, although the motion to set aside is made within thirty days. The opinion quotes Freeman on Judgments to the effect that a judgment by consent is an exception to the rule that a court may modify its judgments during the term, and that a consent judgment may not be set aside except for fraud, mutual mistake, or lack of consent. Whatever may be the rule as to the power of a court to modify a consent judgment, we are of opinion that the correct rule is that during the term a court of general jurisdiction has power to set aside or vacate a consent judgment in the exercise of a sound discretion and that the action of such court in so doing is irrevisable except for abuse of such discretion. We believe this rule is supported by the following cases:

In Alspaugh v. Ionia Circuit Judge, 126 Mich. 67, 85 N.W. 244, the trial court, on its own motion, set aside a judgment of nonsuit which had been entered by consent. The appellate court affirmed saying: "* * * We are of the opinion that the action of the circuit court was within a proper discretion. * * *"

In Fitzgerald v. Fitzgerald, 129 Minn. 414, 152 N.W. 772, the trial court denied a motion to vacate a judgment which had been rendered on consent of the parties. The appellate court affirmed, saying: "* * * The trial court found the facts against plaintiff, the findings are not clearly against the evidence, * * * and we have no alternative but to affirm the order. The same conclusion follows if the motion be treated as one calling for the exercise of the court's discretion. * * *"

In Raines v. Lane, 198 Ga. 217, 31 S.E.2d 403, the appellate court affirmed the action

of the trial court in dismissing a motion to set aside a consent judgment. In the report of the case, the "Syllabus by the Court" states, "2. A motion to set aside a judgment is addressed to the sound discretion of the court."

In J. L. Hudson Co. v. Barnett, 255 Mich. 465, 238 N.W. 243, the trial court granted a motion for a new trial which had the effect of vacating a judgment whereby plaintiff agreed to accept the goods sued for in an action of replevin. On the second trial, judgment for money was rendered against the defendants. On appeal from the second judgment, defendants contended that the trial court erred in setting aside the first judgment " * * * on plaintiff's claim that it consented to such judgment on account of an erroneous apprehension of the facts and law. * * *" In affirming the trial court, the appellate court said:

" * * * Plaintiff's counsel was forced into the position of taking a judgment for the return of the goods by the statement of the trial judge of his intention otherwise to direct a verdict against it. The rule in this state is that the judge has a wide discretion in either granting or refusing a new trial, either upon his own motion or that of the parties. (Citations Omitted.) A judgment brought about by coercion is not one by consent. The court has the power to open or vacate a judgment upon good cause shown whether entered into by consent or not. The power of the court is discretionary and there was no abuse of discretion in the case at bar. (Citations Omitted.)" (238 N.W. 243, 244)

In Whitson v. Bates, 246 App.Div. 726, 283 N.Y.S. 663, the defendant appealed from a judgment which apparently had been entered against him by consent. The appellate court, in refusing relief on the appeal, indicated that defendant could have relief in the trial court, and said: " * *

The remedy of the defendant, if such consent was entered into by mistake or inadvertence, is to apply at Special Term to be relieved from the terms thereof, which will be granted or refused as a matter of discretion. * * *"

In Allen v. Fewel, 337 Mo. 955, 87 S.W. 2d 142, the trial court denied a motion to set aside a judgment which had been entered by consent of plaintiff's counsel. The appellate court affirmed, saying: "A motion to vacate a judgment is addressed to the sound discretion of the trial court. (Citations Omitted.) The exercise of discretion by the trial court can only be interfered with when it is apparent that it has been abused. (Citation Omitted.)"

In Sherrill v. Board of Commissioners of Stephens County, 191 Okl. 373, 130 P.2d 100, the trial court refused to vacate a judgment which had been entered by agreement. The appellate court found that the movant had not been injured by the judgment and affirmed, saying: " * * * No abuse of discretion being shown, it is our duty to affirm the judgment appealed from. * * *"

In some jurisdictions, it may be that consent judgments are regarded as being different from other judgments so that the court entering a consent judgment is not permitted to vacate the same, in the exercise of a sound discretion, on motion made within the term. See McArthur v. Thompson, 140 Neb. 408, 299 N.W. 519, 139 A.L.R. 413. In the McArthur case, however, the holding was not that the trial court erred in vacating a consent decree. The holding was that the trial court erred in modifying a consent decree.

We have examined the cases cited by the Court of Appeals. Of the Alabama cases cited, those which constituted a review of the action of a nisi prius court in vacating or refusing to vacate a consent judgment or decree, on motion made during the term or within thirty days, are as follows: Charles v. Miller, 36 Ala. 141; Ex parte Gresham, 82 Ala. 359, 2 So. 486; Senn v. Joseph, 106

Ala. 454, 17 So. 543; National Bread Company v. Bird, 226 Ala. 40, 145 So. 462; Louisville & Nashville Railroad Company v. Bridgeforth, 20 Ala.App. 326, 101 So. 807. On such review, by this court or the Court of Appeals, the action of the trial court was reversed in only one instance, i. e., in Senn v. Joseph, supra.

In Senn v. Joseph, the plaintiff had applied to the trial court to set aside a consent judgment which had been rendered on the agreement of her attorney, " * * * upon the ground that she had never authorized her attorney to make such an agreement * * *." The opinion states that this fact was not controverted. The trial court denied plaintiff's motion to vacate the judgment. This court held that the trial court erred in denying plaintiff's motion, declaring that an attorney, as such, has no authority to accept a less amount than is owing and due, nor in the absence of express authority, to compromise and accept in payment of a litigated claim an amount less than that he is instructed by his principal to demand and collect, and which, as attorney, he has undertaken to collect. We think it may be fairly said that the trial court's denial of the motion to vacate was an abuse of discretion in Senn v. Joseph.

In National Bread Company v. Bird, supra, this court, on application for mandamus, reviewed the action of the trial court in vacating a consent judgment and denied the writ. In holding that the order vacating the judgment would not support an appeal, this court said:

"It is well settled that an order made by the circuit court, in the exercise of its plenary power, granting or denying a motion to set aside a judgment rendered in an action pending in said court, other than a motion for new trial where there has been a trial on the facts, will not support an appeal. (Citations Omitted.) * * *." (226 Ala. 40, 42, 145 So. 462)

The reference to "plenary power" indicates to us that the authority to vacate a consent judgment was regarded as an authority to exercise a sound discretion.

In Louisville & Nashville Railroad Company v. Bridgeforth, supra, the Court of Appeals said:

"The power to set aside a judgment is a common-law power inherent in courts of general jurisdiction, and no higher duty rests upon a trial judge than to set aside a judgment when satisfied that injustice has been done or that it has been inadvertently or improvidently rendered, or that it was procured by fraud or collusion. Rich v. Thornton, 69 Ala. 473; Talladega Mercantile Co. v. McDonald, 97 Ala. [508] 511, 12 So. 34.

"A judgment by consent may be set aside 'where it was entered by the consent or direction of an unauthorized attorney, or for fraud or collusion, or on account of a mistake or misapprehension of the party or his counsel, or where the rights of an infant are concerned and have not been adequately protected by the judgment.' 23 Cyc. 733, par. 2.

"The power of courts to set aside judgments extends to judgments rendered upon default, nil dicit, by consent and upon trial and verdict. 23 Cyc. 892, par. 3." (20 Ala.App. 326, 328, 101 So. 807.)

We are of opinion and hold that a court of general jurisdiction has power, in the exercise of a sound discretion, to vacate a consent judgment on motion duly made within thirty days after the judgment is rendered, and that when reviewed, the action of court in granting or denying the motion will not be disturbed except for abuse of discretion.

We think that the statement of the trial court in the instant case that " * * And the court is apprehensive that the settlement might not have been entered into freely and voluntarily and without pressure." amounts to a finding that there was an absence of actual consent on the part of

the plaintiff in the instant case. That finding should not be disturbed unless it is shown to be palpably wrong.

We do not understand that the Court of Appeals, in reviewing the testimony, accorded any presumption whatever in favor of the findings of the trial court based on the testimony heard ore tenus on the motion for new trial.

In reviewing, on petition for mandamus, a refusal to transfer a cause to equity, this court said that while mandamus of this sort is appellate in character, affording a remedy where no appeal is available, it, mandamus, is only to be granted on a clear showing of error in the trial court to the injury of petitioner, and that the appellate court should not disturb the finding of the trial court except for manifest error or abuse of discretion. Ex parte Perusini Const. Company, 242 Ala. 632, 636, 7 So.2d 576.

We are of opinion that the action of the trial court in granting a new trial in the case at bar must be regarded as correct unless such action constitutes an abuse of discretion or is plainly and palpably wrong. If the action of the trial court constitues an abuse of discretion or is plainly and palpably wrong, then the writ of mandamus was properly awarded by the Court of Appeals. On the other hand, if no abuse of discretion is shown and if the trial court is not shown to be plainly and palpably wrong, then the action of the trial court should not be disturbed.

The plaintiff in the instant case does not have the burden of showing that the trial court abused its discretion in denying a continuance. On this review, the burden is on the defendant to show that the trial court abused its discretion in vacating the judgment.

The judgment of the Court of Appeals is reversed and the cause is remanded to that court for further consideration in accordance with the views herein expressed.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON, GOODWYN, and MERRILL, JJ., concur.