EDWARD N. SCRUGGS, Retired Circuit Judge.
This appeal involves the vacating of two consent judgments which dismissed separate civil actions. The cases have been consolidated for the purposes of appeal.
By separate civil actions, Mr. and Mrs. Strickland each sued the defendant, Mr. Petty, for injuries or damages proximately arising out of the negligent or wanton driving of the defendant’s motor vehicle. On the trial date, the attorneys representing each party by a joint written motion requested that the trial court dismiss each of the cases with prejudice, “the same being settled between the parties.” Accordingly, on August 17, 1981, the circuit court entered a judgment in each case dismissing it with prejudice.
Fourteen days later each plaintiff filed a separate motion, which we construe to fall under rule 59(e), A.R.Civ.P., to reinstate each case for a jury trial. One of the grounds of each motion was that, when the August 17 judgments were entered, the plaintiffs were not fully aware of the contents of any release which they would be required to sign as part of the settlement and that, after carefully reviewing the release, they did not feel that they could execute it in all good conscience.
After hearing Mr. Strickland testify, the trial court, on September 23, 1981, in “the interest of merit and substance” ordered that the August 17 separate judgments dismissing the two cases be vacated and that the two civil actions be restored to the jury docket for disposition. The defendant timely appealed both cases. We affirm.
The trial court heard the evidence offered at the motion hearing. Under the “ore tenus” rule, the September 23 judgments are presumed to be correct on appeal and may not be disturbed by us if there was legally supportive evidence thereof, unless the decision of the trial court was palpably wrong. Grigsby v. Liles, 274 Ala. 67, 147 So.2d 846 (1962); Nero v. Material Sales Co., Inc., 340 So.2d 454 (Ala.Civ.App.1976). In substance, it was admitted by the Strick-lands’ motions that, as a part of the settlement, they were each required to execute a release. It is a fair and reasonable inference from the evidence, since it is what was actually done, that the check for the settlement proceeds and the release were to be prepared at a later time or date and forwarded to the Stricklands’ attorney, who, in turn, would present them to his clients. The thorn in the flesh of this case is that the aspect of the settlement as to the provisions to be incorporated in the release required the actual or implied agreement of the parties, which agreement had to be effected after the judgments of dismissal had already been entered. Mr. Strickland testified as to their dissatisfaction with the provisions of the release in no uncertain terms. The fact that no subsequent agreement was reached as to the contents of the release was adequate proof which sustained, supported and upheld the actions of the trial court in vacating the dismissal judgments.
“We are of opinion and hold that a court of general jurisdiction has power, in the exercise of a sound discretion, to vacate a consent judgment on motion duly made within thirty days after the judgment is rendered, and that when reviewed, the action of court in granting or *275 denying the motion will not be disturbed except for abuse of discretion.”
Grigsby v. Liles, supra, 274 Ala. at 72, 147 So.2d at 851. We have expended much time and effort in the research of Alabama cases whereby the trial court was reversed on appeal as to its ruling in either granting or denying a timely motion to set aside a consent judgment. Insofar as we can ascertain, such a reversal has only occurred twice. In Senn v. Joseph, 106 Ala. 454, 17 So. 543 (1895), the supreme court ascertained that the circuit court erred in refusing to set aside the judgment rendered upon the written agreement of counsel because the settlement was made by an attorney without the authority of his client. The other case was a decision of the court of appeals in Grigsby v. Liles, 41 Ala.App. 627, 147 So.2d 836 (1961), but the supreme court reversed the court of appeals in Grigsby v. Liles, supra, and, after remand, the court of appeals ascertained no abuse of discretion on behalf of the trial judge and affirmed the trial court.
During the thirty day period after the entry of a judgment, a trial court has a great judicial discretion which it may exercise over its final judgments. No abuse of discretion here occurred. The fact that a trial court could have lawfully reached a contrary result does not, in and of itself, mean that it abused its discretion in rendering its judgment. The trial court was not clearly and palpably wrong in this case. We are required by the foregoing rules of review to affirm the September 23, 1981 judgment of the circuit court as to both cases.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.