THOMAS P. VERMULE, APPELLANT, *v.* WOOLSEY SHAW, RESPONDENT.

[1] FINDINGS, WHEN TO BE FILED.—The Judge who tried the case without a jury, did not file his finding of the facts until after the judgment was entered. *Held,* not to be error.

APPEAL from the County Court of the County of Santa Clara.

This was an action of forcible entry and detainer. The plaintiff claimed 160 acres of land near the City of San José

---

[1] Cited in *Keller* v. *Sutrick*, 22 Cal. 473; *Broad* v. *Murray*, 44 Cal. 229. See *Polhemus* v. *Carpenter*, 42 Cal. 375.

under the pre-emption laws of the United States, and by virtue of an Act of the Legislature of California, entitled "An Act prescribing the mode of Maintaining and Defending Possessory Actions on Public Lands in this State," a verdict was rendered against the defendant. He moved for a new trial, and judgment being entered against him, he appealed to the County Court.

The plaintiff moved the County Court to dismiss the appeal, on the grounds stated in the appellant's first point. The Court refused to dismiss the appeal and the plaintiff excepted. The Court tried the case without a jury, by consent, and rendered a judgment for the defendant, from which the plaintiff appealed. A statement of facts was duly [215] served and filed by the plaintiff, * and an amended statement was duly served and filed by the defendant. But the Court did not settle the statement.

*Wallace & Ryland,* for Appellant, made the following points:

1st. The County Court erred in overruling the motion to dismiss the appeal from the Justice's Court, because there was a motion for a new trial still pending in the Justice's Court, and because the costs of the Court were not paid, as required by law, before an appeal could be taken. ( See Compiled Laws, p. 632, § 627.)

2d. The County Court erred in refusing to permit plaintiff and appellant to show how the land was improved or enhanced in value by the improvements of the plaintiff and and appellant, that being a material point to be proven. ( See § 4 Possessory Act, Compiled Laws, 897.)

3d. There was a forcible and unlawful entry and unlawful detainer by the defendant, in the actual possession of plaintiff, and the County Court erred in refusing to give judgment for the plaintiff and appellant.

4th. There was no finding of the facts by the Court sitting as a jury, as the law requires, upon which to base the judgment of the Court. The judgment was entered on the 11th day of May, and the finding of the Court was not made

until the 12th day of May, A. D. 1854, being after the rendition and entry of judgment, and after the Court had adjourned.

*Williams, Morse & Campbell,* for Respondent.

Mr. Justice HEYDENFELDT delivered the opinion of the Court.

The statement in this case is not certified by the Judge, nor agreed upon by the parties. It is, therefore, no part of the record, and thus are excluded from our consideration the second and third points made by the appellant which depend upon it.

Upon the first point there is no error, because it must be supposed that the motion for a new trial before the Justice was abandoned, which the defendant had the right to do.

The fourth point made is, that the Judge who tried the cause did not file his finding of the facts until after the judgment was entered. It seems that judgment was entered on the 11th; on * the same day the Judge [216] wrote his findings of fact and conclusions of law; but did not file the paper containing them until the next day.

It is now urged, upon the authority of *Russel* v. *Armador,* 2 Cal. 305, that this was error. But the case cited does not sustain the appellant. It only decides, that without the decision in writing of the Judge, the judgment cannot stand. It must be the basis of the judgment, like the special verdict of a jury, but that is its legal effect and operation. It is not necessary for this legal effect, that it should precede the judgment in point of time. The verdict of a jury must precede the judgment, from the nature and character of that institution, as a part of the judicial machinery of the Court; but where the jury is not resorted to, and their province is entrusted to the same head which declares the law and announces its decree, I see no reason for establishing an unbending regulation as to the order of time in which the particular acts necessary for a valid judgment should take

place. Such a rule would work great inconvenience, en-
gender constant delays, and might, in many cases, result
in a denial of justice. We, thefore, decide, that as to the
time required for the written decision to be filed, or the
relative order in which it should be done, the Act is only
directory.

Judgment affirmed.

Mr. Ch. J. MURRAY delivered the following dissenting
opinion:

It is my misfortune to differ from a majority of the Court
in this case. Although the question is one of practice,
which, when settled either way, may operate justly, still it is
not without importance.

Section 180, chapter 5th of the Practice Act provides,
" Upon the trial of an issue of fact by the Court, its decis-
shall be given in writing and filed with the clerk, within ten
days after the trial took place. In giving the decision, the
facts found, and conclusions of law, shall be separately sta-
ted. Judgment upon the decision shall be executed accord-
ingly. In the case of *Russel* v. *Armador*, 2 Cal. 305,
[217] Court held that the *finding was the basis of the
judgment, in the same manner as the verdict of a
jury; "and it follows," says the Court, "that without such
decision the judgment cannot stand."

If the decision of the Court upon the questions of law
and fact is to be regarded like the verdict of a jury, as the
predicate of the judgment, it follows, that as no judgment
could be rendered in anticipation of the verdict of the jury,
or until the verdict was actually returned and recorded, so
no judgment can be rendered until the Court has actually
reduced its findings to writing.

The object of the statute in allowing ten day's time, was
for the purpose of enabling the Judge to separate the ques-
tions of law and fact, and to arrive at a proper decision of
the points involved, not only for the convenience of the
Court, and for the purpose of securing a correct adminis-
tration of justice, but also to enable the parties below who

wish to appeal or move for new trial, to understand the grounds on which the Court bases its judgment.

If, however, the Court can pronounce its oral opinion from the Bench, on which judgment is entered, and afterwards file its decision in vacation, or after the lapse of months, it would be impossible for the party wishing to move for new trial, to know whether the Court had decided against him on a question of law or fact. It might very well be, that he would acquiesce in the decision, if based upon a question of fact, but in order to ascertain this, he is driven to his appeal or *mandamus*, to learn what it was his right to know in the first place, viz: the reason why judgment had been rendered against him.

It is said this rule will work great hardship and inconvenience to the Courts below, when deciding causes on the eve of adjournment; that, in such cases, they may not be able to give their reasons for deciding a case, but may, during vacation, reduce their opinions to writing; in other words, find reasons to bolster up or sustain a previous judgment. A judgment for which a Court is unable to give any reasons, at the time of its rendition is, in my opinion, of but little account, and if the Court requires time to reduce it to shape, it would be as well to take time to consider the questions involved, before final judgment.

*The Court is not compelled to find and file its        [218] conclusions within the ten days provided by statute, as we have already decided the provision as to time, is directory. The better practice, therefore, in my opinion, would be to find the conclusions, in all cases, before entering judgment. In fact, from a careful examination of the statute, as well as the previous decision of this Court, I can arrive at no other conclusion than that the finding must, in every case, precede the judgment, and that a judgment rendered before such finding is void.

For these reasons, I am of opinion that there is no finding of the Court below, as required by statute, and that the judgment ought to be reversed.

In overruling a motion for rehearing, Mr. Ch. J. MURRAY filed the following opinion:

I am of opinion, the petition for rehearing should be overruled. The question is one of practice alone, and having been decided by a majority of the Court, I abandon my objections, and acquiesce in the judgment.