A. F. SWANSTROM *vs.* J. W. MARVIN.

April 30, 1888.

**Application to Vacate Judgment—Conflicting Affidavits.**—Upon an application to vacate a judgment, based upon an affidavit the essential points of which are met and contradicted, it is not an abuse of discretion for the court to refuse the relief asked.

**Same—Second Application on Facts Known at Time of First.**—A second application for such relief, founded upon facts which were known, or should have been known, to the party when making the first, should not be considered by the court.

**Trial by Court—Findings Filed after Judgment.**—When a court, at the conclusion of a trial, has ordered judgment, but omits to make and file findings of fact and conclusions of law, as prescribed by statute, such findings and conclusions may be made and filed by the court, after judgment, *nunc pro tunc.*

Appeal by defendant from a judgment of the municipal court of Duluth and from two orders refusing to vacate the judgment.

*Phelps & Smith* and *Ensign, Cash & Williams,* for appellant.

*Payne & Cutting,* for respondent.

COLLINS, J.[1] We are unable to discover any error in this case, which is an appeal from two distinct orders of the court, each refusing to vacate and set aside a judgment, and also from the judgment. The record shows that after a number of continuances the trial was fixed for July 9th, upon which day the defendant did not appear. Thereupon judgment was ordered for plaintiff, (upon his testimony,) and such judgment duly entered by the clerk. The defendant's attorney, in his affidavit of July 19th, on which was based an order to show cause why said judgment should not be vacated, claims that there was a private agreement between counsel that the case should not be tried upon the day set unless both parties were ready; but upon this he is flatly contradicted by the affidavit of the attorney for plaintiff, with whom, he asserts, such agreement (presumably verbal) was made. There was no abuse of discretion by the court in discharging the order based upon an affidavit the essentials of which were so squarely denied. November 12th an affidavit was made by defendant himself, in which he sets out the fact that no findings or conclusions had ever been made as prescribed by Gen. St. 1878, *c.* 66, § 242, and upon this another order to show cause was issued of the same import as the first. In discharging this order the court was justified, for two reasons:

1. The fact that the judgment of July 9th was entered without such findings or conclusions was known, or should have been known, to defendant when the first order was obtained. All grounds for relief then existing should have been disclosed in the moving papers. The courts cannot permit litigants to attempt to secure remedies by piecemeal.

2. The omission to file findings of fact and conclusions of law (judgment having been ordered) was an irregularity which the court could cure,—an omission in its proceedings which it has authority to

[1] Mitchell, J., being absent, took no part in this case.

supply under section 125, chapter 66, *supra*.   See, also, *Williams* v. *Ely*, 13 Wis. 1; *Vermule* v. *Shaw*, 4 Cal. 214.   This was done November 23, 1887, by an order directing filing *nunc pro tunc*.

The foregoing, bearing upon the appeal from the orders, disposes of the appeal from the judgment, which is affirmed.