CHARLES HOFFMAN v. OTTO FREIMUTH.[1]

May 3, 1907.

Nos. 15,128—(106).

**Vacating Default Judgment.**

> *Held*, that the trial court erred in granting the defendant's motion to set aside the judgment herein against him and permitting him to answer.

Appeal by plaintiff from an order of the municipal court of St. Paul, Hanft, J., granting a motion to vacate the judgment and to permit defendant to serve an answer.   Reversed.

*John C. Zehnder,* for appellant.

*Otto Kueffner,* for respondent.

START, C. J.

On November 17, 1905, a judgment for $81.58 in favor of the plaintiff and against the defendant was entered by default in the municipal court of the city of St. Paul.   On December 21, 1906, the trial court on motion of the defendant made its order vacating the judgment and permitting the defendant to answer.   The plaintiff appealed from the order.

The complaint alleged the execution of five promissory notes, aggregating the sum of $70, by the defendant to the plaintiff.   The defendant's proposed answer alleged a meritorious defense, and the question here to be determined is whether the court erred in setting aside the judgment.   It clearly appears from the record that the summons and complaint in the action were personally served on the defendant on October 24, 1905, by a young man well known to the defendant, and that on November 17 next thereafter the judgment was entered, and that the motion to set aside the judgment was made December 4, 1906; that is one year and seventeen days after the entry of the judgment.   The motion was based upon the proposed answer and the affidavits of the defendant and his wife.   That of the defendant, in so far as it attempts to excuse his default, is to the effect that on October

[1]Reported in 111 N. W. 732.

24, 1905, a young man well known to him, who was not an officer of any kind, called at his home and tried to collect the plaintiff's demand, and was informed by the defendant that he did not owe the plaintiff anything and would not pay, and that the plaintiff would have to fight it out in court with the defendant; that the young man left a paper on the table, which the defendant is now informed was a summons and complaint, but did not hand it to him; that he paid no attention to the papers, and did not know what they were, and they were not explained to him; that he never knew that judgment had been entered against him until October 29, 1906, when his wages were garnished; that he then consulted an attorney and was informed that judgment had been entered against him; that he is a German, and that he never before had any lawsuits, and he was entirely unfamiliar with court matters, and did not know or understand the meaning of the papers left with him, and had no idea that any one other than an officer could serve papers citing a person into court. The affidavit of his wife substantially corroborated his own. There is no suggestion in his affidavit that he could not read and write the English language, or that he ever attempted to read the papers left with him, or to inform himself as to their contents. On the contrary, it appears from the uncontradicted affidavit of the plaintiff's attorney that the defendant can speak and write the English language, and, further, that the plaintiff's attorney sent defendant by mail, in the form of a registered letter, written notice that judgment had been entered against him in this action, which notice was received and receipted for by the defendant over his own signature on November 24, 1905; that in December, 1905, another letter by the plaintiff's attorney, asking the defendant if he was willing to pay the judgment, was duly mailed to the defendant and never returned; and, further, that on March 1, 1906, a similar notice of the judgment and demand of payment was sent to the defendant by the attorney by registered letter, which he refused to receive. The defendant made no denial of this affidavit, nor did he deny that he received the letters notifying him of the entry of judgment and requesting its payment.

It is perfectly clear from the record that if the defendant did not in fact know, more than a year before he made his motion, that the judgment had been entered against him, it was solely because he neglected

101 M.—4

and refused to read the papers served on him and the letters sent to him. A party cannot be permitted to close his eyes, and refuse to read papers served upon him, and then say that he had no knowledge of their contents. The record is so conclusive that the defendant's motion to set aside the judgment was not made within one year after he had notice of its entry that it was clearly error for the trial court to set the judgment aside. R. L. 1905, § 4160.

Order reversed.