SINCLAIR REFINING COMPANY, Respondent, v. LARSON, Appellant.

(214 N. W. 842.)

(File No. 6056.   Opinion filed July 9, 1927.)

1.  **Judgment—Entering Judgment for Greater Amount Than Demanded, After Court's Announcement of Findings for Plaintiff, Was Clerical Error, Subject to Correction, Even After Term.**

     Oral announcement of trial judge that decision would be for plaintiff on all issues referred to issues actually before court, and entering judgment for sum greater than demanded constituted clerical error, which might be corrected even after term.

2.  **Judgment—Judgment Entered Before Decision in Writing Was Without Authority, and Should Be Vacated on Motion.**

     Judgment entered before any decision in writing by trial court was without authority of law, and should be vacated on motion.

3.  **New Trial—Motion for New Trial After Judgment Entered Before Any Written Decision Held Premature.**

Motion for new trial, instead of for vacation of judgment, entered before any decision in writing by trial court, was premature, in that court could have been requested to set aside judgment as improvidently entered, and to make written decision, and thereafter enter judgment for proper amount.

Note.—See, Headnote (1), American Key-Numbered Digest, Judgment, Key-No. 314, 34 C. J. Secs. 450, 465; (2) Key-No. 200, 34 C.J. Secs. 192, 510 (Anno.); (3) New trial, Key-No. 117(2), 29 Cyc. 926
On power of courts to correct clerical errors in judgments, see annotation in 10 A. L. R. 526, et seq.; 15 R. C. L. 680.
On correction of judgment, see Bancroft's Code Practice and Remedies, Vol. 3, pg. 2409.

Appeal from the Municipal Court of Sioux Falls; Hon. Ransom L. Gibbs, Judge.

Action by Sinclair Refining Company against Martin Larson, doing business as the Handy Service Station. From a judgment for plaintiff as modified and reduced, and an order denying a motion for a new trial, defendant appeals. Affirmed.

*Muller & Conway,* of Sioux Falls, for Appellant.
*A. J. Keith,* of Sioux Falls, for Respondent.

MORIARTY, C. The respondent, who was plaintiff in the trial court, began this action on a money demand. In its original complaint the plaintiff prayed for judgment in the sum of $285.01, but thereafter it served and filed an amended complaint, in which the demand was reduced to $146.01, and the allegations of this amended complaint would not support any recovery in excess of 146.01, with interest and costs.

The case was tried to the court without a jury. The defendant appeared at the trial, and did not waive the making of findings of fact and conclusions of law. At the conclusion of the trial the trial judge announced orally from the bench that his decision would be for the plaintiff upon all the issues. On the same day on which this oral announcement was made the trial judge signed a judgment in favor of the plaintiff in the sum of $285.01, and said judgment was immediately filed and attested by the clerk of said court. But no findings of fact or conclusions of law were made, signed, or filed by the trial court prior to such entry of judgment.

The defendant moved for a new trial on two grounds: First,

that defendant had appeared at the trial and contested the issues, and had not waived findings of fact; that judgment had been entered without the making of any findings of fact, or of any written decision upon the questions of fact; and that because of the failure to make such decision the purported judgment was a nullity. Second, that the purported judgment was for an amount in excess of that claimed in the complaint, and that said purported judgment was therefore null and void. This motion was heard on June 8, 1925, and the trial court reserved its ruling thereon.

On the same day, June 8, 1925, the trial court issued an order to show cause, citing the defendant to appear before the court on July 3, 1925, to show cause why the plaintiff should not be allowed to file and enter, nunc pro tunc, findings of fact and conclusions of law as of March 27, 1925, in accordance with the oral decision of the trial judge announced in open court at the close of the trial, and also to show cause why the judgment previously entered should not be modified to conform to the decision of the court, and reduced to the sum of $146.01 and costs.

On July 8, 1925, the trial court signed and entered as of March 27, 1925, findings of fact and conclusions of law in accordance with the decision announced by the court at the close of the trial, and modified the judgment theretofore entered, by reducing it to the sum of $146.01 and costs. Thereafter, but on the same day, July 8, 1925, the trial court made an order denying defendant's motion for a new trial. From this order, and from the judgment as modified and reduced, the defendant appeals.

Appellant's counsel argues that the court's action on July 8 was an attempted correction of a judicial error, which the trial court was without power or authority to make; and they further argue that the error of the trial court in entering judgment, without making and filing a written decision as provided by law, was an error entitling defendant to a new trial.

[1] It is apparent that, when the trial judge announced that the court's decision would be for the plaintiff upon all the issues, the statement referred to the issues actually before the court. There was no issue as to any demand for judgment in the sum of $285.01, and, even had the judgment been entered with formal regularity, the error in the amount was a mere clerical error, which the court might properly correct, even after the term at

which the judgment was entered. Territory v. Christensen, 4 Dak. 410, 31 N. W. 847; Schmidtgall v. Walshtown Twp., 27 S. D. 103, 129 N. W. 1042; Freeman on Judgments, par. 71.

[2]   But, as the purported judgment in the instant case was entered before any decision in writing was made by the trial court, that judgment was entered without authority of law, and should be vacated upon motion. Swanstrom v. Marvin, 38 Minn. 359; 37 N. W. 455; Williams v. Ely, 13 Wis. 1; Vermule v. Shaw, 4 Cal. 214.

[3]   Instead of moving for the vacation of the judgment, the defendant moved for a new trial. This motion, being made before any written decision, was premature. Muckler v. Smith, 51 S. D. 127, 212 N. W. 491. The plaintiff might have asked the court to set aside the judgment as improvidently entered, and to make a written decision, and thereafter enter judgment for the proper amount.

But, while the procedure adopted by the parties and entertained by the trial court is somewhat anomalous, the practical result reached is the same as the regular procedure should have produced, except in the matter of allowing the date of the judgment to stand as of March 27. Appellant makes no showing of any prejudice to him by reason of this difference in the date of the judgment.

Finding no prejudicial error in the record, the judgment appealed from is affirmed.

CAMPBELL, P. J., and POLLEY and BURCH, JJ., concur.
GATES and SHERWOOD, JJ., not sitting.