FRANK JENNRICH v. ADOLPH W. C. MOELLER AND ANOTHER.[1]

January 30, 1931.

No. 28,309.

*Leslie C. Smith,* for appellant.
*Albert Kueffner,* for respondent.

PER CURIAM.

Defendant Adolph W. C. Moeller appeals from an order denying his motion to open a default judgment and permit him to answer.

[1]Reported in 234 N. W. 638.

The summons and complaint were served upon defendant personally by plaintiff's attorney, Mr. Kueffner. There was no such delay in making the motion as to show laches or unreasonable delay. The proposed answer set out that the defendant had gone through bankruptcy and had been discharged from the indebtedness sued upon—a valid defense if established. The only excuse for not answering, set out in defendant's affidavit, was that at the time the summons and complaint were served upon him he informed plaintiff's attorney that he had gone through bankruptcy, and that plaintiff's claim was listed therein and was discharged, and "that he was then informed by said Kueffner that if that was true, that he [defendant] did not have to worry." Defendant then says that, "so understanding that he had nothing to worry about and would have to do nothing," he did not pay any further attention to the matter.

The matter of opening a default, where there has been personal service of the summons, lies almost wholly in the discretion of the trial court. 3 Dunnell, Minn. Dig. (2 ed. & Supp.) § 5035. The decision of the trial court on such a motion to reopen is to be reversed here only when it appears that the trial court has abused its discretion. We would find it difficult to reverse here on the ground of abuse of discretion even if defendant's affidavit stood uncontradicted. But plaintiff's attorney, by affidavit, presented on the hearing of the motion, positively denied that he made the statement attributed to him by defendant or any statement to that effect. So we have here an order made on conflicting affidavits. An order so made is not an abuse of discretion and will not here be disturbed. Swanstrom v. Marvin, 38 Minn. 359, 37 N. W. 455; Flanigan v. Duncan, 47 Minn. 250, 49 N. W. 981; Fitzgerald v. Maher, 129 Minn. 414, 152 N. W. 772; Peterson v. Bengston, 166 Minn. 494, 207 N. W. 20.

The motion in the present case also included a motion to discharge a garnishment. No grounds for disturbing the garnishment are shown.

Order affirmed.