## HARRY McMAHON v. PEQUOT RURAL TELEPHONE COMPANY AND OTHERS.[1]

May 13, 1932.

No. 28,910.

[1]Reported in 242 N. W. 620.

*Ryan, Ryan & Ryan,* for appellant.

*James C. Tarbox* and *Jack Tarbox,* for respondent.

HILTON, J.

Defendant appeals from an order denying its motion for an order vacating a default judgment and permitting the filing of a proposed answer.

The action was one to recover for personal injuries which plaintiff claimed to have suffered in the city of St. Paul on December 31, 1930, when struck by a truck belonging to defendant driven by one of its employes.

The action was commenced on January 13, 1931, by proper personal service of a summons and complaint at Pequot, Minnesota, upon one Arvig, the managing officer of defendant. No answer was interposed. Four months later, on May 16, 1931, plaintiff's attorney went to the village of Pequot and inquired of Arvig why no answer had been interposed and advised him that plaintiff intended to go ahead with the suit and enter judgment. Arvig stated to him that the company was very hard pressed financially and did not intend to incur the expense of an attorney and an appearance. At that time Arvig had charge of the matter and has so continued ever since.

On August 11, 1931, plaintiff's attorney wrote the company that he was proceeding with the matter. The trial court found that possibly another letter was also written to the company by plaintiff's attorney. On September 10, 1931, approximately eight months after service of the summons and complaint, Arvig consulted with attorneys, who wrote to plaintiff's attorney requesting permission to answer. That request was refused September 19. On October 16, 1931, the case came on for trial in its regular course on the general term calendar of Ramsey county, was tried as a default case and, on November 2, 1931, judgment was entered. Ten days later attorneys for defendant served the notice of motion herein-

before referred to. The foregoing statements were not controverted.

At the hearing on defendant's motion conflicting affidavits were filed on behalf of the respective parties relative to a statement claimed to have been made by one Biever at the time he served the summons and complaint on defendant. The substance of that claimed statement is not important here and need not be stated. In so far as that feature of the case is concerned the court made an order based on conflicting affidavits. Being so made, it was not an abuse of discretion and should not be disturbed. Jennrich v. Moeller, 182 Minn. 445, 234 N. W. 638.

The contention of defendant is that there was excusable neglect for the failure to interpose an answer. There was no claim of mistake, inadvertence, or surprise. The matter of opening such default lies almost wholly in the discretion of the trial court, and its action will not be reversed on appeal except for a clear abuse of discretion. Johnson v. Hallman, 177 Minn. 619, 225 N. W. 283; Jennrich v. Moeller, 182 Minn. 445, 234 N. W. 638; 3 Dunnell, Minn. Dig. (2 ed. & Supp.) § 5035. In order to reverse on the record here we must find that the trial court abused its discretion. We cannot so find.

The order appealed from is affirmed.