## CARL E. NYSTROM v. GUSTAV NYSTROM.[1]

July 8, 1932.

No. 28,958.

*M. E. Louisell* and *Henry Paull*, for appellant.
*S. H. Eckman*, for respondent.

HILTON, J.

Defendant appeals from an order of the municipal court of the city of Duluth denying his motion to vacate a default judgment and permit him to file an answer and defend on the merits.

The action was commenced in municipal court by service of summons and complaint on June 24, 1930. Judgment by default was entered on August 14, 1930, for $283.01. A transcript thereof was filed in the district court and docketed therein on August 15, 1930. The record discloses that on the day after the judgment was entered in municipal court plaintiff's attorney mailed a letter to defendant notifying him thereof. In September, 1930, an execution out of the district court was placed in the hands of the sheriff. A deputy sheriff went to defendant's place and informed him of the entry of the judgment and demanded payment thereof. On January 12, 1931, an execution was issued out of the municipal court; a levy was made that same month on the moneys and credits of the defendant in the hands of one Grandell. The affidavit of Grandell stated

[1]Reported in 243 N. W. 704.

that after such levy he went to defendant's place to check up the forest products cut under his contract with the defendant to enable Grandell to make a disclosure of the amount owing, and that he then told defendant about the levy under the judgment; and that on February 3, 1931, he mailed a copy of his disclosure to the defendant. The affidavit of Grandell shows that he mailed letters to defendant on September 1 and September 11, 1931, and therein, and also by a copy of his disclosure, informed the defendant of the judgment. On December 2, 1931, execution was again issued out of the district court and a levy made on the land of the defendant and notice of sale thereof served on him December 7, 1931.

On December 10, 1931, over one year and two months after the entry of the judgment, defendant served a notice of motion to vacate the same and for leave to answer and defend, to which a verified proposed answer and an affidavit of defendant were attached. On the day noticed for hearing, December 12, 1931, affidavits of the plaintiff, his attorney, and the deputy sheriff were served and interposed. The hearing of the motion was continued from time to time and various affidavits were filed on behalf of both parties. In January, 1932, defendant served a notice for leave to amend his original proposed answer by adding thereto the defense of the running of the statute of limitations, accompanied by two more affidavits. On January 20, 1932, the court made its order denying defendant's motion. Five days thereafter defendant filed another notice of motion for leave to renew his original motion, accompanied by affidavits. On the hearing of the last motion on January 30, 1932, further affidavits were filed by both parties. On February 3, 1932, the court denied the last motion. A memorandum of the court accompanied each order denying defendant's motion.

The opening and vacation of a default judgment and granting leave to a defendant to answer rests almost wholly in the sound judicial discretion of the court in which the judgment was entered, and the action of the court will not be reversed on appeal except for a clear abuse of discretion. 3 Dunnell, Minn. Dig. (2 ed. & Supp.) § 5035, and cases cited. It is incumbent upon a party ask-

ing relief from a default judgment to show that his negligence was excusable and that he has been diligent in applying for relief. 3 Dunnell, Minn. Dig. (2 ed. & Supp.) §§ 5015, 5025, and cases cited. The defendant should have applied to the court within one year after receiving notice of the entry of the judgment. He must act with diligence. G. S. 1923 (2 Mason, 1927) § 9283; Hoffman v. Freimuth, 101 Minn. 48, 111 N. W. 732.

In his affidavit attached to and accompanying the notice of motion the defendant gave as a reason for his request, "that owing to his ignorance of legal proceedings and the force and effect of the service of said summons and complaint, he did not believe and did not know that—if no answer was made to said summons and complaint—that a judgment could be rendered against this defendant by default." Other similar statements are found. Defendant also denied that he had any knowledge of the entry of the judgment prior to December 7, 1931. A recital of all the claims advanced by defendant would here serve no useful purpose.

It appears that the defendant was an intelligent man, well versed in business matters, that he spoke, spelled, and wrote the English language well and had done so for many years. He had been engaged in timber operations and had bought and sold land, purchased timber products, and was engaged in running a gasolene station and a store, and in the winters operated lumber camps. He had lived in Duluth many years and was a man well informed on general topics, and for many years had business dealings with Grandell, hereinbefore referred to, and in their considerable correspondence the English language was always used. Defendant admitted that he reads English well and has information regarding current events and that he operated a business in St. Louis county for a period of 20 years. The court in its memorandum states: "It is not difficult to reach the conclusion that defendant is a man of more than common business experience and considerable above the average in intelligence." The court further states: "That the defendant knew about the judgment herein 14 months before he brought this motion seems to be beyond peradventure."

The complaint stated a cause of action. No allegations necessary to afford defendant relief under G. S. 1923 (2 Mason, 1927) § 9405, appear.

The record discloses that there is very little dispute as to the controlling facts. Wherein there is a conflict the trial court resolved the dispute in favor of plaintiff, as it had a right to do. Jennrich v. Moeller, 182 Minn. 445, 234 N. W. 638, and cases cited; McMahon v. Pequot R. T. Co. 186 Minn. 141, 242 N. W. 620. Upon the showing made, it cannot be successfully contended that there was an abuse of judicial discretion. The court in its memorandum among other things states:

"If the court were to grant defendant's motion, it would mean that practically all default judgments could be opened by advancing similar excuses. To have granted this motion, in the court's opinion, would be a clear case of an abuse of discretion."

With this comment we are in accord.

After having carefully considered the entire record and the presentation made in the respective briefs, we have no hesitancy in affirming the order made by the lower court. Numerous cases cited by defendant, in some of which it was held that there was an abuse of discretion and in others that there was not, are not particularly helpful. Generally speaking, each case must be decided upon the facts shown therein. Chamber of Commerce v. Thomas, 171 Minn. 327, 214 N. W. 57.

Order affirmed.