F. W. CACKA v. GEORGE GAULKE AND HENRY L. PROEHL, ALSO KNOWN AS HENRY F. PROEHL.
HENRY L. PROEHL, ALSO KNOWN AS HENRY F. PROEHL, RESPONDENT.[1]

May 15, 1942.

No. 33,060.

*O'Hara & Sheran,* for appellant.
*Herbert H. Hoar,* for respondent.

[1]Reported in 3 N. W. (2d) 791.

LORING, JUSTICE.

This is an appeal from an order of the district court of McLeod county opening and vacating a judgment.

Plaintiff obtained a default judgment against defendants, Henry F. Proehl and George Gaulke, and entered it April 14, 1937. Throughout the entire proceeding, Henry *F.* Proehl was designated as Henry *L.* Proehl. The action was on a promissory note payable to George Gaulke and signed by Proehl. The note, which plaintiff alleged Gaulke assigned to him, seems to have been the cause of the confusion concerning defendant Proehl's middle initial, for the signature on it appeared to plaintiff and his counsel to be that of Henry *L.* Proehl. The summons and complaint were served personally upon Proehl on May 5, 1936. He did not answer or demur; nor did he appear at the hearing on the application for judgment presented to the court December 12, 1936. On plaintiff's evidence the court made findings favorable to him, and judgment was later entered. About four years later, April 5, 1941, the district court ordered plaintiff to show cause why the prior judgment should not be opened and set aside. The matter was heard upon affidavits and oral testimony. The court ordered the judgment opened and vacated as to defendant Proehl and that the case stand for trial. Plaintiff appeals.

Both parties recognize Mason St. 1927, § 9283, as controlling. The pertinent portion states:

"The court, * * * at any time within one year after notice thereof, in its discretion, may relieve a party from any judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect."

The statute clearly limits the trial court's authority to open judgments. Hoffman v. Freimuth, 101 Minn. 48, 111 N. W. 732. Thus, if the moving party fails to produce evidence that he initiated his application to open the judgment within one year after notice to him that judgment had been entered, the trial court has no opportunity to exercise the "discretion" referred to by defend-

ant (see discussion in Flanery v. Kusha, 147 Minn. 156, 159, 179 N. W. 902) and must deny the relief requested.

In the case at bar the court did not make findings, but his order depended upon evidence that Proehl did not have notice of entry of judgment for more than a year prior to his application for relief. The evidence does not show when he first learned that judgment had been entered. He stated by affidavit on April 8, 1941, that he knew nothing of the entry of the judgment until after it had been entered. He also testified at the hearing that he saw the judgment. However, at no time did he testify that he first learned about the judgment within one year of his attempt to have it set aside.

On the other hand, plaintiff alleged in an affidavit dated April 8, 1941, that Proehl knew at all times that the judgment herein had been filed against him and that he knew that the Henry L. Proehl described in the proceedings referred to him. Proehl did not deny this. Furthermore, plaintiff's counsel stated by affidavit that on April 16, 1937, he wrote Proehl a letter (addressed to Henry L.) informing him that judgment had been entered. Proehl admits that a summons and complaint were served personally upon him and that he read them. He does not deny that he signed the note upon which the action was brought. He admits talking to plaintiff and plaintiff's counsel about settling the case. There can be no doubt that Proehl knew even before judgment was entered that he was the person sued in the action on the note and that the "Henry L. Proehl" designated in the judgment referred to him. (The judgment can be corrected and is not invalid as to him. See D'Autremont v. Anderson Iron Co. 104 Minn. 165, 169, 116 N. W. 357, 17 L.R.A.[N.S.] 236, 124 A. S. R. 615, 15 Ann. Cas. 114; Casper v. Klippen, 61 Minn. 353, 356, 63 N. W. 737, 52 A. S. R. 604.) The burden was upon Proehl as the moving party to prove the fact that he had knowledge of the entry of the judgment for not more than one year prior to April 5, 1941. The evidence does not sustain such a finding.

As stated in his affidavit of April 5, 1941, Proehl's basis for claiming that the judgment should be set aside as to him, namely, that he was told and believed that any judgment could not be effective as to him when the papers in the action referred to him as Henry L. Proehl and that therefore he did not answer, is immaterial, because the statute requires him to institute proceedings to open within one year after notice of entry of the judgment, regardless of whether he considered the judgment valid as to him.

The evidence fails to establish that the judgment was procured through fraud so as to justify setting it aside under another portion of § 9283 that permits a court "for good cause shown" to "set aside its judgments."

Order reversed.

MR. CHIEF JUSTICE GALLAGHER took no part in the consideration or decision of this case.