YOUNG, Sheriff, v. ELLETT, District Judge et al.

No. 6642. Decided February 24, 1944. (146 P. 2d 196.)

See 39 C. J. S. Habeas Corpus, sec. 101. 25 Am. Jur. 248.

*Alvin I. Smith* and *White, Wright & Arnovitz,* all of Salt Lake City, for plaintiff.

*Harley W. Gustin* and *Harry Metos,* both of Salt Lake City, for defendants.

MOFFAT, Justice.

Plaintiff S. Grant Young, is the sheriff of Salt Lake County, Utah, and the defendant A. H. Ellett is one of the judges of the District Court of the Third Judicial District of the State of Utah. In a cause pending in the District Court in and for Salt Lake County, the defendant Clarence R. Openshaw had been adjudged guilty of contempt of court. (Not disclosed by the files in the instant case, but from other cases pending or decided by this court we are advised that Clarence R. Openshaw is the defendant in a divorce matter before the above court.)

Because of some matters to which we deem it proper to refer, the petition for the writ of mandamum to this court is, beginning with the second paragraph after the reference to the official status of the plaintiff and defendant judge, here set out at length. It is represented:

"3. That on the 3rd day of March, 1943, Clarence R. Openshaw as plaintiff, applied to this defendant, the Honorable A. H. Ellett for a writ of habeas corpus, and on the said day Judge A. H. Ellett signed a writ ordering this plaintiff to have the body of Clarence R. Openshaw before the said court on the 5th day of March, 1943, to be dealt with according to law. That on the 5th day of March, 1943, in response to the said writ, this petitioner filed his return stating that he was detaining Clarence R. Openshaw under a commitment issued out of the District Court of the Third Judicial District and signed by the Honorable Bryan P. Leverich. That a trial was had upon the issues made by the return to determine whether the said Clarence R. Openshaw was entitled to be discharged from the sheriff's custody. * * *

"4. That on the 22nd day of July, 1943, counsel for this petitioner caused proposed findings of fact and conclusions of law and a decree to be served upon H. G. Metos and Harley Gustin as attorneys for

Clarence R. Openshaw, and on the same day presented the said proposed findings of fact, conclusions of law and decree to Judge A. H. Ellett for his signature, and requesting him to enter findings of fact, conclusions of law and a decree. * * * That counsel for Clarence R. Openshaw did not propose any amendments to the proposed findings of fact and conclusions of law and decree.

"5. * * * That Judge A. H. Ellett thereupon refused to enter any order, judgment or decree. That no judgment or decree has been entered in the said habeas corpus proceedings.

"6. *That your petitioner is uncertain as to whether he should take Clarence R. Openshaw into custody under the commitment issued by the Honorable Bryan P. Leverich or whether he should follow the minute entry caused to be entered by the Honorable A. H. Ellett.* That this petitioner has no plain, speedy or adequate remedy at law, no order having been entered from which an appeal can be taken; that the defendant A. H. Ellett has the plain legal duty to dispose of this matter by entering a written order, judgment or decree. That such is the requirement of Section 104-65-20, U. C. A. 1943.

"Wherefore, your petitioner prays as follows:

"*For the issuance of an alternative writ of mandamus ordering the defendant A. H. Ellett to make and enter a written judgment or decree in the habeas corpus proceeding aforesaid and which is entitled 'Clarence R. Openshaw, plaintiff, vs. S. Grant Young, Sheriff of Salt Lake County, State of Utah, case No. 69808' in the District Court of the Third Judicial District, in and for Salt Lake County, State of Utah, or to appear and show cause why he should not do so.*"

The prayer of the petition asks only for a writ ordering the District Judge "to make and enter a written judgment or decree." For some reason not explained, the writ when issued in this case commanded the District Judge to "enter findings of fact, conclusions of law and decree in said cause."

The representations in the petition are that the petitioner by his counsel served "proposed findings of fact and conclusions of law and a decree" upon counsel for Clarence R. Openshaw, the plaintiff in the habeas corpus cause, and on the same day presented the "said proposed findings of fact, conclusions of law and decree" to the judge for signature. It is then alleged,

"That the proposed findings of fact, conclusions of law and decree

presented by counsel for the petitioner were to the same effect as the minute entry appearing on the docket of this case directing the release and discharge of Clarence R. Openshaw."

If these proposed findings were in accordance with the pleadings and the evidence the court in pursuance of the order of this court and the submitted findings should have approved them and had them entered by the clerk; if the proposed findings did not conform to the issues presented by the pleadings and the evidence as viewed by the court it is within the prerogative of the court to modify the proposed findings or make and enter its own findings. Secs. 104-26-2, 104-26-3, and 104-30-14, U. C. A. 1943.

In pursuance of the alternative writ of mandamus issued in this cause, plaintiff in his brief (there is no brief on behalf of defendants) states that on the return date, August 23, 1943, the District Judge "entered an order and judgment but failed to make findings of fact and conclusions of law in support thereof. In his return he alleged:

" 'That findings of fact and conclusions of law have not been entered for the reason that the same are not contemplated by law or the rules and practice of this court or of the Third Judicial District Court of Salt Lake County, State of Utah, or by the summary proceedings required to be had pursuant to Title 104, Chapter 65, Section 20, Utah Code Annotated, 1943.' "

We quote the section referred to:

"Upon the return of any writ of habeas corpus the court or judge shall, after having given sufficient notice, proceed in a summary manner to hear the matter, and shall dispose of the prisoner as justice may require."

Plaintiff then submits as the sole question: "Are findings of fact [and] conclusions of law required to support an order or judgment of a district court in a habeas corpus proceeding?" To answer that question "Yes" would require some exceptions. And to answer it "No" would also require exceptions.

Plaintiff has based his argument on five points, stated as follows:

"1. Nature of a habeas corpus proceeding. 2. An order or judgment in a habeas corpus proceeding is a final judgment. 3. Section 104-65-20, U. C. A., and the rules of this court and the district court do not sanction the omission of findings of facts and conclusions of law. 4. Litigants have a right to findings of fact and conclusions of law in such proceedings. 5. Administration of justice requires the entering of findings of fact and conclusions of law."

We think that the matters suggested by points 4 and 5 are not sufficiently related to the problem to require more to be stated about them. We proceed then to point No. 1: Nature of a habeas corpus proceeding. Habeas corpus is a special proceeding in vindication of a legal right. It is a civil proceeding and from the judgments pronounced in habeas corpus proceedings there is a right of appeal. The nature of a habeas corpus proceeding is discussed at length in the case of *Winnovich* v. *Emery,* 33 Utah 345, 93 P. 988.

As to point No. 2 it may be conceded that a judgment or order either discharging or remanding a person to custody in a criminal proceeding is a final judgment from which an appeal may be taken. In proceedings in divorce matters relating to the custody of children or in probate and guardianship matters where custody may be temporary and conditional different problems arise. In a civil proceeding, plaintiff takes the position that by the nature of the issues it is required that the judgment be final and appealable, and cites Sec. 104-30-1, U. C. A. 1943, which provides,

"A judgment is a final determination of the rights of parties in an action or proceeding."

Under point No. 3 it is argued that there can be no judgment without findings of fact and conclusions of law and without a final judgment there can be no right of appeal, and that therefore mandamus is the only remedy to require the trial court to make and enter findings of fact and conclusions of law. As a matter of logic such would seem to

present an air-tight case. There are final judgments where no findings of fact or conclusions of law need or can be made. This case does not call for a further discussion of such judgment. There are others in which the record is complete and no findings could be made other than those found in the record.

In a habeas curpus proceeding we may find similar situations.

"Upon the presentation of the petition to any court having jurisdiction the writ of habeas corpus shall be allowed, unless it shall appear from the petition itself, or the documents annexed, or the showing of the plaintiff, that the party so applying would not be entitled to any relief." Sec. 104-65-3, U. C. A. 1943.

This section applies to the situation before the writ of habeas corpus is issued. Such a situation requires no findings. The record is complete and the finding is negative. Either from matters that shall have come to the attention of the court that anyone within its jurisdiction is unjustly deprived of his liberty or upon application for a writ, the court, even if in doubt, grants the writ and then hears the issues upon the return and traverse, if there be one. *Jensen* v. *Sevy*, 103 Utah 220, 134 P. 2d 1081. If then it appears the court is without jurisdiction, it is a matter of dismissal.

The trial court to whom the alternative writ of mandamus in this cause was directed complied in part with the mandates of the writ and stated, as hereinabove quoted,

"That findings of fact and conclusions of law have not been entered for the reason that the same are not contemplated by law or the rules and practice of this court or of the Third Judicial District Court of Salt Lake County, State of Utah, or by the summary proceedings required to be had pursuant to Title 104, Chapter 65, Section 20, Utah Code Annotated, 1943."

We are of the opinion the trial court stated the matter too broadly. To quote again, that section reads:

"Upon the return of any writ of habeas corpus the court or judge shall, after having given sufficient notice, proceed in a summary

manner to hear the matter *and shall dispose of the prisoner as justice may require."* (Italics added.)

Findings of fact and conclusions of law should have been made. If those submitted did not conform to the facts and conclusions in the mind of the court, the court could make its own findings. Sec. 104-26-2, U. C. A. 1943. Sec. 104-65-9, U. C. A. 1943, has in it a favorable implication to the position taken by the District Judge. The section provides:

"When the writ is disallowed the court or judge shall cause a statement of the reasons for the disallowance to be appended to the petition and the same returned to the person applying for the writ."

Upon a trial of a question of fact to the court in a civil proceeding the decision of the court must be given in writing, and filed with the clerk of the court. Sec. 104-26-2, U. C. A. 1943. Generally, findings of fact and conclusions of law form the basis upon which the judgment is entered. *Fisher* v. *Emerson*, 15 Utah 517, 50 P. 619; *Holm* v. *Holm*, 44 Utah 242, 139 P. 937. It is unnecessary to cite additional cases.

This proceeding having arisen out of a divorce action and a commitment for contempt, and it appearing that an appeal may be taken, and the plaintiff herein on behalf of whom the temporary writ was issued having tendered to and requested the trial court to make findings of fact and conclusions of law, it was the duty of the court to make and enter findings and conclusions of law. The writ prayed for should be granted.

Such is the order. Each party to bear his own costs.

McDONOUGH, J., concurs.

WOLFE, Chief Justice (concurring in the result).

I concur in the result. I thing the duty rests on a more solid foundation. The duty to make findings and conclusions derives from Section 104-26-2, U. C. A. 1943, which provides that

Upon a trial of a question of fact by the court its decision must be given in writing * * *."

Section 104-26-3, U. C. A. 1943, provides that

"in giving the decision the facts found and the conclusions of law must be separately stated and the judgment must thereupon be entered accordingly."

Section 104-26-4 provides that findings of fact may be waived. The reasons why findings are required unless waived is to inform the parties on what facts the court has reached its legal conclusions and founded its judgment. The purpose of informing the parties of the basis for the court's action is so that they may intelligently exercise such rights which they have after judgment, such as to determine whether notice of a motion for a new trial should be filed, whether there is basis for an appeal, and if so on any grounds going to the basis of the court's judgment. If neither party desires to exercise any rights or proceed further, I see little reason why a judgment unsupported by findings should be void. If a judgment is not supported by findings or conclusions it would seem that it should nevertheless be good as against collateral attack and capable of enforcement despite what was said in *Hillyard* v. *District Court*, 68 Utah 220, 249 P. 806. It would seem that a judgment would be void only where there was no power to render it. Failure to make and enter findings and conclusions would be erroneous, because an omission to do something enjoined on the court would be error, but not necessarily such error as would unhorse the court of jurisdiction so as to make all succeeding acts void. Where no one cares to pursue the matter further a minute order discharging a prisoner should suffice to protect the custodian officer and protect the prisoner against rearrest under the same commitment or under another commitment based on the same conviction or contempt. Habeas corpus proceedings should ride along without heavy freight. But where either of the parties signifies that he desires findings especially for the purpose of determining on what basis of fact the court arrived at its conclusion and whether an appeal should be

taken and, if taken, for the purpose of aiding in presentation before the appellate court and to aid that court in its review, they must be made and entered for that purpose regardless of whether the judgment is good or void without them. And this "must" is derived from the mandate contained in Sections 104-26-2 and 104-26-3, U. C. A. 1943.

For the above reasons I concur with the opinion of Mr. Justice MOFFAT.

WADE, J., concurs for reasons stated by WOLFE, C. J.

LARSON, Justice (dissenting).

The alternative writ of mandate heretofore issued in this cause was improvidently issued and should be recalled and quashed. The petition showed no cause or ground for the issuance of the writ. It alleges in effect that sometime prior to March 3, 1943, Judge Leverich issued a commitment directing petitioner, sheriff, to take and detain Openshaw. Nothing is indicated as to the length or expiration date of the commitment. It is then alleged defendant Judge Ellett issued a writ of habeas corpus on March 3, 1943, directing petitioner, sheriff, to have Openshaw before the court on March 5, 1943, to be dealt with according to law. Hearing was had upon the sheriff's return to the writ showing he detained Openshaw by virtue of the Leverich commitment. No order was made by Judge Ellett untitl June 14, 1943, when he ordered Openshaw discharged. For aught the petition reveals, the Leverich commitment may well have run its course and expired by operation of law, and Openshaw may have served his full time in custody under the commitment before the order directing his dicharge was entered. In that event, as pointed out by Justice MOFFAT, no finding of fact could be required because they all appeared on the face of the record and commitment itself, like a dismissal on demurrer for want of sufficient facts alleged. There being no allegations in the petition indicating or showing any matters upon which or with respect to which findings of

fact could be made or should be required, and there being no allegations to show that at the time Judge Ellett made and entered his order of discharge of Openshaw, petitioner, sheriff, had or made any claim of a right to have Openshaw in custody, or that the commitment issued by Judge Leverich had not by its terms expired, it follows the alternative writ should not have issued, and the same should be recalled and quashed.