## OPENSHAW v. YOUNG, Sheriff.

No. 6674. Decided October 2, 1944. (152 P. 2d 84.)

See 4 C. J. S. Appeal and Error, Sec. 94; 2 Am. Jur. 870.

*White, Wright & Arnovitz,* of Salt Lake City, for appellant.

*Harley W. Gustin* and *Harry G. Metos,* both of Salt Lake City, for respondent.

WOLFE, Chief Justice.

The respondent has moved to dismiss the appeal on the grounds that there was no final judgment entered from which an appeal could be taken. It is necessary to an understanding of the questions raised by the motion to set forth the chronology of the case.

The respondent, Clarence R. Openshaw, was adjudged by the District Court of Salt Lake County to be guilty of contempt of court for refusing to comply with an order of the court relating to the payment of alimony. He was sentenced to serve a term in the county jail. The same day the District Court, through a different judge, issued a writ of habeas corpus and entered a minute order discharging Openshaw from custody. The court then refused to enter a written judgment or to file findings of fact or conclusions of law. The appellant herein, S. Grant Young, Sheriff of Salt Lake County, then instituted an original action in this court on petition for a writ of mandamus to compel the said district judge to make and enter written findings of fact, conclusions of law and judgment.

At the time the petition for a writ of mandamus was filed on August 11, 1943, there was no judgment entered except the minute order. The alternative writ of mandamus issued from this court on August 11th and was served on the trial judge on August 12th. It ordered him to enter findings, conclusions and judgment or to show cause why he had not done so. In response to this writ the trial judge entered a written judgment on August 23rd but he refused to enter findings and conclusions on the theory such were not required by law.

On November 20th the appellant filed his notice of appeal. This appeal was taken from the judgment which had been entered, without findings, on August 23rd in response to

the alternative writ. Subsequently, on February 24, 1944, we handed down our opinion in the mandamus proceeding (*Young* v. *Ellett*, 106 Utah 140, 146 P. 2d 196) directing the trial court to enter findings of fact, conclusions of law and judgment. On March 11, 1944 the trial judge entered findings of fact and conclusions of law. In a supplemental return to the writ of mandamus he recited that these findings and conclusions had been signed on August 23rd (the date of the judgment) but were not handed to the clerk for filing until March 11, 1944. No new judgment was entered.

The motion to dismiss the appeal raises the question as to whether a judgment not supported by findings of fact and conclusions of law is an appealable judgment. Section 104-26-3, U. C. A. 1943, provides that: "In giving the decision the facts found and the conclusions of law must be separately stated, and the judgment must thereupon be entered accordingly." The argument is that this section requires the entry of findings and conclusions as a condition precedent to the entry of judgment; that the August 23rd judgment is not supported by findings and conclusions and that it is, therefore, not a judgment from which an appeal could be taken. This view, is, however, not tenable.

Where a trial judge fails to file a judgment and then after an alternative writ of mandamus issues requring him to file findings and conclusions and judgment or show cause why he has not done so, and the trial judge does only part of the acts required, to wit, files a judgment, this court should and will do everything legitimately within its power to save an appeal for the party aggrieved. That party should not be required to suffer the pangs of uncertainty or be required to choose at his peril between courses of action because of the wrong action or lack of action of the trial judge where that judge by the simple expedient of following statutory instructions, when he knew that the non-prevailing party desired to appeal, could have avoided any dilemma or tangle.

Section 104-41-1, U. C. A. 1943, gives a right of appeal from all final judgments. This has been construed to give

a right of appeal whenever it is made to appear that the judgment entered is final. No other showing need be made. See *Minersville Reservoir & Irr. Co.* v. *Rocky Ford Irr. Co.*, 90 Utah 283, 291, 61 P. 2d 605.

Often in trying to determine whether or not particular action by the trial court constitutes a final judgment, one of the factors considered is whether or not findings of fact and conclusions of law have been entered. See for example *Hartford Acc. & Indem. Co.* v. *Clegg*, 103 Utah 414, 135 P. 2d 919. But the presence or absence of findings is not controlling. Here the trial judge intended the document he filed on August 23rd to be a final determination of the rights of the litigants in this case. He had refused to enter findings and conclusions and in his return to the alternative writ of mandamus he had taken the position that none were necessary. The defendant, Openshaw, had been discharged from custody and the court intended to do nothing more completely to adjudicate the rights of the parties litigant. Under the tests as developed by our cases such as *Oldroyd* v. *McCrea*, 65 Utah 142, 235 P. 580, 40 A. L. R. 230; *Attorney General* v. *Pomeroy*, 93 Utah 426, 73 P. 2d 1277, 114 A. L. R. 726; *Fausett* v. *General Electric Contracts Corp.*, 100 Utah 259, 112 P. 2d 149, there can be no doubt that this was a final or appealable judgment.

If a judgment be entered without findings and conclusions to support it, the ordinary and correct procedure for avoiding said judgment is to appeal from it. This is true whether we consider such a judgment to be void or whether we consider it to be merely voidable. The procedure for invoking the Supreme Court's judgment on the voidness, voidability, or validity of any final judgment is to appeal to this court. Such was the procedure followed in *Reich* v. *Rebellion S. M. Co.*, 3 Utah 254, 2 P. 703. See also *Blumenthal* v. *Asay*, 3 Utah 507, 24 P. 1056; *Flynn* v. *Flynn*, 171 Cal. 746, 154 P. 837; *McKeon* v. *McDermott*, 22 Cal. 667, 83 Am. Dec. 86; *White* v. *Citizens Nat. Trust & Sav. Bank.* 46 Cal. App. 2d 418, 116 P. 2d 117; *Larson* v. *Martin*, Or., 143 P. 2d 239. However, where there is a complete

lack of findings the case is not ordinarily remanded for a new trial, but the judgment is set aside or avoided and the case remanded with directions to the trial judge to enter findings and conclusions and a new judgment from which a new appeal may be taken. *Larson* v. *Martin,* supra.

It should be made perfectly clear that the time for a new appeal and the time for settling the bill of exceptions will then run from the time of the entry of the new judgment.

It is suggested that we should on the motion to dismiss avoid the judgment and send the case down with instructions to file findings and conclusions and a new judgment. If we did that we would reach exactly the same result as we reach in this opinion but the appellant would not obtain his costs of appeal. It requires an endeavor to appeal in order that there be a motion to dismiss an appeal so the judgment roll at least would be here. If we did dismiss the appeal and send it down with instructions to set aside the judgment and enter findings and a new judgment, we would in effect be entertaining the appeal in order to do that very thing. Such is the procedure we are here laying down. But in a motion for dismissal of an appeal it has been held that there is nothing that can be done but to deny the motion or grant it, 4 C. J. S., Appeal and Error, § 1384, p. 2005. And if we only dismissed, it would still leave the voidable or even a void judgment standing so that appellant might finally have to resort to mandamus proceedings with the merry-go-round of consequences which have ensued over the panorama of this case.

It is true that California has held that a judgment unsupported by findings and conclusions is void. Sometimes "void" is used in the sense of meaning that a party may at his option treat it as something that may be avoided rather than something which may be treated as if it did not exist. We have refrained from a consideration of that question in this case because we deemed it unnecessary. It might not be amiss, however, to call attention to the consequences of such holding in the case of a judgment, for instance,

decreeing the foreclosure of a mortgage when neither side cared for findings and conclusions but failed to stipulate that they could be dispensed with. A purchaser at the sale would not get good title. Or if a divorce decree was not supported by findings a divorced spouse relying on it would be guilty of bigamy if he or she remarried. Other very unfortunate consequences follow by holding a judgment unsupported by findings and conclusions void instead of voidable, not the least of which is the matter of collateral attack. It is difficult to imagine any judgment as void where a tribunal has jurisdiction of the subject matter and the person. Failure to perform many requirements of the statute may be a cause for reversal or setting aside but in no case can the writer conceive of a situation where a court, proceeding with jurisdiction, is suddenly unhorsed of jurisdiction so as to make what he does void because he committed an error of omission. It is difficult in such case even to conceive of excess of jurisdiction. It follows that the motion to dismiss the appeal must be denied.

The appellant seeks, however, to do more by this appeal than have the judgment reversed for lack of findings. He seeks to review the merits of the lower court's decision and has moved that the findings and conclusions entered on March 11, 1944, be incorporated into the record on appeal. These findings were entered in response to the mandate of this court in an opinion that came down on February 24, 1944. This mandate directed the court to enter findings of fact, conclusions of law and judgment. The court entered only findings and conclusions. The supplemental return recited that the findings and conclusions entered had been signed on August 23, 1943 (the date of the entry of the judgment), but they had not been handed to the clerk for filing until March 11, 1944. The filing of the findings in response to the writ of mandamus from this court must be construed as an attempt on the part of the trial judge to conform to the requirements of the mandate. Since already, in response to the alternative writ, the trial court had entered judgment,

it is apparent that it believed that it was not necessary to file a new judgment. Under these circumstances it clearly appears that the trial judge intended to file these findings and conclusions in support of the prior judgment. The findings and conclusions could properly have been entered nunc pro tunc. *Swanstrom* v. *Marvin*, 38 Minn. 359, 37 N. W. 455; Black, The Law of Judgments, Vol. I, p. 215. These were in effect so entered and as such may be considered with the judgment.

In accordance with the general principle of saving rights of appeal as above set out, the filing of findings and conclusions nunc pro tunc is always subject to the condition that by so doing the full rights of any party to appeal or cross-appeal will not be jeopardized.

But where it appeared that the filing of findings and conclusions nunc pro tunc would deny the respondent a right to cross-appeal or other right, this court would still exercise it prerogative and reverse the case setting aside the judgment and remanding with instructions to enter a new judgment. But in this case it does not at present appear that any rights will be jeopardized by bringing up the findings and conclusions incorporating them in the judgment roll and proceeding with the merits of the appeal.

The motion to dismiss the appeal is denied. The motion to have the findings and conclusions incorporated into the record is granted.

McDONOUGH, WADE, and TURNER, JJ., concur.

LARSON, J., concurs in the order made.